**United States Court of Appeals for the Second Circuit**
**Thurgood Marshall U.S. Courthouse**
**40 Foley Square**
**New York, NY 10007**

**DEBRA ANN LIVINGSTON**
CHIEF JUDGE

**CATHERINE O'HAGAN WOLFE**
CLERK OF COURT

Date: May 1, 2025
Docket #: 25-1113
Short Title: Mahdawi v. Trump

DC Docket #: 2:25-cv-389
DC Court: DISTRICT OF
VERMONT (BURLINGTON)
DC Judge: Trial Judge - Geoffrey W.
Crawford

**DOCKETING NOTICE**

A notice of appeal filed by Donald Trump, Patricia Hyde, J Doe, Todd Lyons, Kristi Noem, Marco Rubio, Pamela Bondi in the above referenced case was docketed today as 25-1113. This number must appear on all documents related to this case that are filed in this Court. For pro se parties the docket sheet with the caption page, and an Acknowledgment and Notice of Appearance Form are enclosed. In counseled cases the docket sheet is available on PACER. Counsel must access the Acknowledgment and Notice of Appearance Form from this Court's website http://www.ca2.uscourts.gov.

The form must be completed and returned within 14 days of the date of this notice. The form requires the following information:

YOUR CORRECT CONTACT INFORMATION: Review the party information on the docket sheet and note any incorrect information in writing on the Acknowledgment and Notice of Appearance Form.

The Court will contact one counsel per party or group of collectively represented parties when serving notice or issuing our order. Counsel must designate on the Acknowledgment and Notice of Appearance a lead attorney to accept all notices from this Court who, in turn will, be responsible for notifying any associated counsel.

CHANGE IN CONTACT INFORMATION: An attorney or pro se party who does not immediately notify the Court when contact information changes will not receive notices, documents and orders filed in the case.

An attorney and any pro se party who is permitted to file documents electronically in ACMS must notify the Court of a change to the user's mailing address, business address, telephone number, or e-mail. To update contact information, a Filing User must access PACER's Manage

My Appellate Filer Account, https://www.pacer.gov/psco/cgi-bin/cmecf/ea-login.pl. The Court's records will be updated within 1 business day of a user entering the change in PACER.

A pro se party who is not permitted to file documents electronically must notify the Court of a change in mailing address or telephone number by filing a letter with the Clerk of Court.

CAPTION:  In an appeal, the Court uses the district court caption pursuant to FRAP 12(a), 32(a). For a petition for review or original proceeding the Court uses a caption pursuant to FRAP 15(a) or 21(a), respectively. Please review the caption carefully and promptly advise this Court of any improper or inaccurate designations in writing on the Acknowledgment and Notice of Appearance form. If a party has been terminated from the case the caption may reflect that change only if the district court judge ordered that the caption be amended.

APPELLATE DESIGNATIONS: Please review whether petitioner is listed correctly on the party listing page of the docket sheet and in the caption. If there is an error, please note on the Acknowledgment and Notice of Appearance Form. Timely submission of the Acknowledgment and Notice of Appearance Form will constitute compliance with the requirement to file a Representation Statement required by FRAP 12(b).

For additional information consult the Court's instructions posted on the website.

Inquiries regarding this case may be directed to 212-857-8551.

## UNITED STATES DISTRICT COURT
## DISTRICT OF VERMONT

| | |
|---|---|
| MOHSEN MAHDAWI,<br><br>     Petitioner,<br><br>  v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States; PATRICIA HYDE, in her official capacity as Acting Field Office Director; Vermont Sub-Office Director of Immigration and Customs Enforcement; TODD M. LYONS, in his official capacity as Acting Director for U.S. Immigration and Customs Enforcement; KRISTI NOEM, in her official capacity as Secretary of the United States Department of Homeland Security; MARCO RUBIO, in his official capacity as Secretary of State; and PAMELA BONDI, in her official capacity as Attorney General of the United States,<br><br>     Respondents. | No. 2:25-cv-389 |

## RESPONDENTS' NOTICE OF APPEAL

PLEASE TAKE NOTICE that all named Respondents hereby appeal to the United States Court of Appeals for the Second Circuit from the Court's Orders of April 24, 2025 (ECF No. 34, extending the temporary restraining order) and of April 30, 2025 (ECF No. 54, accepting jurisdiction, ordering Petitioner's release under *Mapp v. Reno*, and denying motion for stay pending appeal).

Respectfully submitted,

Dated: April 30, 2025    By: */s/ Michael P. Drescher*
               Michael P. Drescher
               Acting United States Attorney
               District of Vermont

APPEAL,HABEAS

# U.S. District Court
## District of Vermont (Burlington)
## CIVIL DOCKET FOR CASE #: 2:25−cv−00389−gwc

Mahdawi v. Trump et al
Assigned to: District Judge Geoffrey W. Crawford
Cause: 8:1105(a) Aliens: Habeas Corpus to Release INS Detainee

Date Filed: 04/14/2025
Jury Demand: None
Nature of Suit: 463 Habeas Corpus − Alien Detainee
Jurisdiction: U.S. Government Defendant

**Petitioner**

**Mohsen Mahdawi**          represented by    **Brett M. Kaufman , Esq.**
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
212−549−2603
Fax: 212−995−4031
Email: bkaufman@aclu.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Brian Matthew Hauss , Esq.**
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
212−549−2500
Email: bhauss@aclu.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Cyrus D. Mehta , Esq.**
Cyrus D. Mehta & Partners PLLC
One Battery Park Plaza, 9th Floor
New York, NY 10004
212−425−0555
Email: cm@cyrusmehta.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David A. Isaacson , Esq.**
Cyrus D. Mehta & Partners PLLC
One Battery Park Plaza, 9th Floor
New York, NY 10004
212−425−0555
Fax: 212−425−3282
Email: disaacson@cyrusmehta.com
*ATTORNEY TO BE NOTICED*

**Esha Bhandari , Esq.**
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
212−549−2500
Email: ebhandari@aclu.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Hillary A. Rich , Esq.**
ACLU Foundation of Vermont

P.O. Box 277
Montpelier, VT 05601–0277
315–521–9231
Email: hrich@acluvt.org
*ATTORNEY TO BE NOTICED*

**Lia N. Ernst , Esq.**
ACLU Foundation of Vermont
P.O. Box 277
Montpelier, VT 05601–0277
(802) 223–6304
Fax: (802) 223–6304
Email: lernst@acluvt.org
*ATTORNEY TO BE NOTICED*

**Luna Droubi , Esq.**
Beldock Levine & Hoffman LLP
99 Park Avenue, PH/26th Floor
New York, NY 10016
212–277–5875
Email: ldroubi@blhny.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew D. Melewski , Esq.**
Beldock Levine & Hoffman LLP
99 Park Avenue, PH/26th Floor
New York, NY 10016
212–277–5815
Email: mmelewski@blhny.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Monica H. Allard , Esq.**
ACLU Foundation of Vermont
P.O. Box 277
Montpelier, VT 05601–0277
802–251–7091
Email: mallard@acluvt.org
*ATTORNEY TO BE NOTICED*

**Nathan F. Wessler , Esq.**
American Civil Liberties Union
Foundation
125 Broad Street, 18th Floor
New York, NY 10004
212–519–7847
Email: nwessler@aclu.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Noor Zafar , Esq.**
American Civil Liberties Union
Foundation
125 Broad Street, 18th Floor
New York, NY 10004
469–301–5991
Email: nzafar@aclu.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Shezza Abboushi Dallal , Esq.**
Main Street Legal Services Inc.
CLEAR Project
CUNY School of Law

2 Court Square, Ste 5th Floor
Long Island City, NY 11101
718−970−1875
Email: shezza.dallal@law.cuny.edu
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sidra Mahfooz , Esq.**
American Civil Liberties Union
Foundation
125 Broad Street, 18th Floor
New York, NY 10004
631−741−3383
Email: smahfooz@aclu.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Andrew B. Delaney , Esq.**
Martin Delaney & Ricci Law Group
100 North Main Street
P.O. Box 607
Barre, VT 05641−0607
802−479−0568
Fax: 802−479−5414
Email: andrew@mdrvt.com
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**Donald J. Trump**
*in his official capacity as President of the United States*

represented by  **Michael P. Drescher , AUSA**
United States Attorney's Office
11 Elmwood Avenue, 3rd Floor
P.O. Box 570
Burlington, VT 05402−0570
(802) 951−6725
Email: michael.drescher@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Respondent**

**Patricia Hyde**
*in her official capacity as Acting Boston Field Office Director, Immigration And Customs Enforcement, Enforcement And Removal Operations*

represented by  **Michael P. Drescher , AUSA**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Respondent**

**J Doe**
*in official capacity as Vermont Sub−Office Director Of Immigration And Customs Enforcement, Enforcement And Removal Operations*

represented by  **Michael P. Drescher , AUSA**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Respondent**

**Todd Lyons**
*in his official capacity as Acting Director, U.S. Immigration And Customs Enforcement*

represented by  **Michael P. Drescher , AUSA**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Respondent**

represented by

**Kristi Noem**
*in her official capacity as Secretary Of*
*The United States Department Of*
*Homeland Security*

**Michael P. Drescher , AUSA**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Respondent**

**Marco A. Rubio**
*in his official capacity as Secretary Of*
*State*

represented by **Michael P. Drescher , AUSA**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Respondent**

**Pamela Bondi**
*in her official capacity as U.S. Attorney*
*General*

represented by **Michael P. Drescher , AUSA**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/14/2025 | 1 | PETITION for Writ of Habeas Corpus filed by Mohsen Mahdawi. (Filing fee $ 5.) (Attachments: # 1 Civil Cover Sheet)(Delaney, Andrew) (Attachment 1 replaced on 4/14/2025) (law). (Entered: 04/14/2025) |
| 04/14/2025 | 2 | EMERGENCY MOTION for Temporary Restraining Order filed by Mohsen Mahdawi. (Delaney, Andrew) (Main Document 2 replaced and Attachment(s) added on 4/14/2025: # 1 Proposed Order) (law). (Main Document 2 replaced on 4/18/2025) (sjl). (Entered: 04/14/2025) |
| 04/14/2025 | 3 | CASE assigned to Judge William K. Sessions III. (law) (Entered: 04/14/2025) |
| 04/14/2025 | 4 | NOTICE OF DOCKET ENTRY CORRECTION re: 1 PETITION for Writ of Habeas Corpus filed by Mohsen Mahdawi. This JS 44 Civil Cover Sheet omitted the related case information and has been replaced. The corrected JS 44 is now attached to 1 and this entry. (law) (Entered: 04/14/2025) |
| 04/14/2025 | 5 | NOTICE OF DOCKET ENTRY CORRECTION re: 2 EMERGENCY MOTION for Temporary Restraining Order filed by Mohsen Mahdawi. The main document combined the motion and proposed order as a singular PDF. Also, the proposed order has been revised to include a full case caption. The documents have been broken apart and are now separately attached to 2 and this entry. (Attachments: # 1 Proposed Order) (law) (Entered: 04/14/2025) |
| 04/14/2025 |  | FILING FEE RECEIVED of $5.00. Receipt number 5683. (kac) (Entered: 04/14/2025) |
| 04/14/2025 | 6 | ORDER granting 2 Emergency Motion for Temporary Restraining Order. Signed by Judge William K. Sessions III on 4/14/2025. (law) (Entered: 04/14/2025) |
| 04/14/2025 | 7 | MOTION for Appearance Pro Hac Vice of David A. Isaacson (Filing fee $ 150 receipt number AVTDC−2059973) filed by Mohsen Mahdawi (Attachments: # 1 Affidavit of David A. Isaacson, # 2 Certificate of Good Standing) (Delaney, Andrew) Modified on 4/14/2025 to clarify attachments (sjl). (Entered: 04/14/2025) |
| 04/14/2025 | 8 | ORDER granting 7 Motion for Admission Pro Hac Vice of David A. Isaacson. Signed by Judge William K. Sessions III on 4/14/2025. (This is a text−only Order.) (eae) (Entered: 04/14/2025) |
| 04/15/2025 | 9 | MOTION for Appearance Pro Hac Vice of Luna Droubi (Filing fee $ 150 receipt number AVTDC−2060446) filed by Mohsen Mahdawi (Attachments: # 1 Affidavit of Luna Droubi, # 2 Certificate of Good Standing) (Delaney, Andrew) Modified on 4/15/2025 to clarify attachments (sjl). (Entered: 04/15/2025) |
| 04/15/2025 | 10 | MOTION for Appearance Pro Hac Vice of Cyrus D. Mehta (Filing fee $ 150 receipt number AVTDC−2060453) filed by Mohsen Mahdawi (Attachments: # 1 Affidavit of Cyrus D. Mehta, # 2 Certificate of Good Standing) (Delaney, Andrew) (Entered: 04/15/2025) |
| 04/15/2025 | 11 | NOTICE OF APPEARANCE by Michael P. Drescher, AUSA on behalf of Donald J. Trump, Patricia Hyde, J Doe, Todd Lyons, Kristi Noem, Marco A. Rubio, Pamela |

| | | |
|---|---|---|
| | | Bondi.(Drescher, Michael) Filers clarified on 4/15/2025 (law). (Entered: 04/15/2025) |
| 04/15/2025 | 12 | ORDER REASSIGNING CASE. It is found that this is likely not a related case to 2:25–cv–00374 and the clerk is directed to return this case to the civil wheel for random reassignment. Signed by Judge William K. Sessions III on 4/15/2025. (law) Modified on 4/15/2025 to clarify text (sjl). (Entered: 04/15/2025) |
| 04/15/2025 | 13 | CASE reassigned to District Judge Geoffrey W. Crawford. (law) (Entered: 04/15/2025) |
| 04/16/2025 | 14 | ORDER granting 9 and 10 MOTIONS for Admission Pro Hac Vice of Luna Droubi and Cyrus D. Mehta respectively. Signed by District Judge Geoffrey W. Crawford on 4/16/2025. (This is a text–only Order.) (jal) (Entered: 04/16/2025) |
| 04/16/2025 | 15 | NOTICE of Hearing: Status Conference set for 4/23/2025 at 9:00 AM in Burlington Courtroom 110 before District Judge Geoffrey W. Crawford. (eh) (Entered: 04/16/2025) |
| 04/18/2025 | 16 | ORDER: re 15 Notice of Hearing. Counsel shall be prepared to address preliminary issues of jurisdiction and detention or release. If necessary, court may allow additional briefing after the hearing. Signed by District Judge Geoffrey W. Crawford on 4/18/2025. (This is a text–only Order.)(jal) (Entered: 04/18/2025) |
| 04/18/2025 | 17 | NOTICE OF DOCKET ENTRY CORRECTION re: 2 EMERGENCY MOTION for Temporary Restraining Order. The Main Document has been replaced to include the corrected document as an earlier correction omitted the main document. The corrected Main Document is now attached to 2 and this entry. (sjl) (Entered: 04/18/2025) |
| 04/21/2025 | 18 | MOTION for Appearance Pro Hac Vice of Matthew Melewski (Filing fee $ 150 receipt number AVTDC–2063276) filed by Mohsen Mahdawi (Attachments: # 1 Affidavit of Matthew Melewski # 2 Certificate of Good Standing) (Delaney, Andrew) Modified on 4/22/2025 to clarify attachment (sjl). (Entered: 04/21/2025) |
| 04/22/2025 | 19 | MOTION for Release Under Mapp v. Reno *with Request for Oral Argument/Hearing* filed by Mohsen Mahdawi (Attachments: # 1 Exhibit 1 *(sealed)*, # 2 Declaration of Mohsen Mahdawi *(sealed)*, # 3 Exhibit 3 *(sealed)*, # 4 Exhibit 4 *(sealed)*) (Delaney, Andrew) Modified on 4/22/2025 to clarify text/attachments and Attachment 1 replaced) (sjl). (Additional attachment(s) added on 4/22/2025: # 5 Exhibit 1 *(redacted)*), # 6 Exhibit 3 *(redacted)*) (sjl). (Entered: 04/22/2025) |
| 04/22/2025 | 20 | NOTICE OF DOCKET ENTRY CORRECTION re: 19 MOTION for for Release Under Mapp v. Reno. Exhibit 1 has been replaced to remove illegible PDF headers. The corrected document is now attached to 19 and this entry. (sjl) (Entered: 04/22/2025) |
| 04/22/2025 | 21 | REVISED NOTICE of Hearing: Status Conference and Hearing on 19 MOTION for Release Under Mapp v. Reno set for 4/23/2025 at 09:00 AM in Burlington Courtroom 110 before District Judge Geoffrey W. Crawford. *(Revised only to include hearing on Doc. 19 .)* (sjl) (Entered: 04/22/2025) |
| 04/22/2025 | 22 | ORDER granting 18 MOTION for Admission Pro Hac Vice of Matthew Melewski. Signed by District Judge Geoffrey W. Crawford on 4/22/2025. (This is a text–only Order.) (jal) (Entered: 04/22/2025) |
| 04/22/2025 | 23 | MOTION for Leave to File *an Amicus Curiae Brief* filed by Immigration Lawyers, Law Professors, and Scholars (Attachments: # 1 Proposed Amicus Brief, # 2 Appendix I, # 3 Appendix II, # 4 Proposed Order) (Stokes, Brett) Modified on 4/22/2025 to clarify attachments (sjl). (Attachment 2 replaced on 4/28/2025) (sjl). (Entered: 04/22/2025) |
| 04/22/2025 | 24 | UNOPPOSED MOTION to File Under Seal Certain Exhibits re: 19 MOTION for Release Under Mapp v. Reno filed by Mohsen Mahdawi (Delaney, Andrew) Modified on 4/22/2025 to clarify text (sjl). (Entered: 04/22/2025) |
| 04/22/2025 | 25 | MEMORANDUM by Donald J. Trump, Patricia Hyde, J Doe, Todd Lyons, Kristi Noem, Marco A. Rubio, Pamela Bondi *(Prehearing Submission)* re: 1 PETITION for Writ of Habeas Corpus. (Drescher, Michael) Modified on 4/22/2025 to clarify text (sjl). Modified on 4/23/2025 to update docket event type (sjl). (Entered: 04/22/2025) |

| | | |
|---|---|---|
| 04/22/2025 | 26 | ORDER granting 23 MOTION for Leave to File an Amicus Curiae Brief. Signed by District Judge Geoffrey W. Crawford on 4/22/2025. (This is a text–only Order.) (jal) (Entered: 04/22/2025) |
| 04/22/2025 | 27 | NOTICE OF DOCKET ENTRY CORRECTION re: 19 MOTION for Release Under Mapp v. Reno filed by Mohsen Mahdawi. Exhibits 1 and 3 have been sealed. Redacted versions of Exhibits 1 and 3 are now attached to 19 and this entry. (Attachments: # 1 Exhibit 3 *(redacted)*) (sjl) (Entered: 04/22/2025) |
| 04/23/2025 | 28 | MINUTE ENTRY for proceedings held before District Judge Geoffrey W. Crawford: Status Conference held on 4/23/2025. Attorneys C. Mehta, D. Isaacson, L. Droubi, M. Melewski, and A. Delaney present with petitioner. M. Drescher, AUSA present on behalf of respondents. Court makes inquiries and counsel makes statements. Court makes findings. ORDERED: 25 Memorandum converted to a Motion to Dismiss Under R. 12. Petitioner to file responses within 14 days, respondent to file replies 7 days thereafter. Motion hearing re: 19 MOTION for Release Under Mapp v. Reno set for 4/30/2025 at 9:00 AM in Burlington Courtroom 110 before District Judge Geoffrey W. Crawford. Court to issue entry order. (Court Reporter: Johanna Masse) (eh) (Entered: 04/23/2025) |
| 04/23/2025 | 29 | NOTICE of Hearing re: 19 MOTION for Release Under Mapp v. Reno. Motion Hearing set for 4/30/2025 at 9:00 AM in Burlington Courtroom 110 before District Judge Geoffrey W. Crawford. (eh) (Entered: 04/23/2025) |
| 04/23/2025 | 30 | NOTICE OF APPEARANCE by Lia N. Ernst, Esq on behalf of Mohsen Mahdawi.(Ernst, Lia) (Entered: 04/23/2025) |
| 04/23/2025 | 31 | NOTICE OF APPEARANCE by Monica H. Allard, Esq on behalf of Mohsen Mahdawi.(Allard, Monica) (Entered: 04/23/2025) |
| 04/23/2025 | 32 | NOTICE OF APPEARANCE by Hillary A. Rich, Esq on behalf of Mohsen Mahdawi.(Rich, Hillary) (Entered: 04/23/2025) |
| 04/23/2025 | 33 | SCHEDULING ORDER AND ORDER on Motion to File Under Seal (Doc. 24 ). The court will resume the hearing on the motion for release on Wednesday, April 30, 2025, at 9:00 a.m. The court requires the presence of the petitioner Mr. Mahdawi in court. The Government's response to the motion for release shall be filed not later than noon, Monday, April 28, 2025. Any reply from the petitioner shall be filed not later than noon, Tuesday, April 29, 2025. The court converts the Government's Memorandum (Doc. 25 ) to a motion to dismiss the petition under Fed. R. Civ. P. 12. The petitioner's response to the motion to dismiss shall be filed not later than May 7, 2025. The Government's reply shall be filed not later than May 14, 2025. The court GRANTS the motion to file under seal certain exhibits containing personal identifying information (Doc. 24 ). In addition, the court has removed identifying information such as residence addresses and "A number" identifiers from the petitioner's filings. Signed by District Judge Geoffrey W. Crawford on 4/23/2025. (sjl) (Entered: 04/23/2025) |
| 04/24/2025 | 34 | ORDER EXTENDING TEMPORARY RESTRAINING ORDER. The court ORDERS that the temporary restraining order issued on the date of Mr. Mahdawi's arrest is extended for a period of 90 days or until dismissal of this case or grant of a preliminary injunction, whichever is earliest. The court orders that no respondent, including any agent or employee, shall remove Mr. Mahdawi from Vermont without further order from this court. Signed by District Judge Geoffrey W. Crawford on 4/23/2025. (sjl) (Entered: 04/24/2025) |
| 04/25/2025 | 35 | MOTION for Leave to File Amicus Brief and MOTION to Expedite filed by E.S. (Attachments: # 1 Proposed Amicus Brief)(law) (Entered: 04/25/2025) |
| 04/25/2025 | 36 | UNOPPOSED MOTION for Appearance Pro Hac Vice of Nathan Freed Wessler, Brett Max Kaufman, Brian Hauss, Esha Bhandari, Noor Zafar, Sidra Mahfooz (Filing fee $ 900 receipt number AVTDC–2065878) filed by Mohsen Mahdawi (Attachments: # 1 Affidavit of Nathan Freed Wessler, # 2 Certificate of Good Standing Nathan Freed Wessler, # 3 Affidavit of Brett Max Kaufman, # 4 Certificate of Good Standing Brett Max Kaufman, # 5 Affidavit of Brian Hauss, # 6 Certificate of Good Standing Brian Hauss, # 7 Affidavit of Esha Bhandari, # 8 Certificate of Good Standing Esha Bhandari, # 9 Affidavit of Noor Zafar, # 10 Certificate of Good Standing Noor Zafar, # 11 Affidavit of Sidra Mahfooz, # 12 Certificate of Good Standing Sidra Mahfooz)(Ernst, Lia) Modified to clarify text and Attachment 11 replaced on |

| | | |
|---|---|---|
| | | 4/28/2025) (sjl). (Entered: 04/25/2025) |
| 04/25/2025 | 37 | UNOPPOSED MOTION for Appearance Pro Hac Vice of Shezza Abboushi Dallal (Filing fee $ 150 receipt number AVTDC−2065899) filed by Mohsen Mahdawi (Attachments: # 1 Affidavit of Shezza Abboushi Dallal, # 2 Certificate of Good Standing) (Ernst, Lia) Modified on 4/28/2025 to clarify text/attachment (sjl). (Entered: 04/25/2025) |
| 04/28/2025 | 38 | TRANSCRIPT of Status Conference and Motion for Release Hearing held on 4/23/2025 before Judge Geoffrey W. Crawford. Court Reporter/Transcriber Johanna Masse, telephone number 802−951−8102. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/22/2025. Redacted Transcript Deadline set for 6/2/2025. Release of Transcript Restriction set for 7/31/2025. (sjl) (Entered: 04/28/2025) |
| 04/28/2025 | 39 | ORDER: re 35 MOTION for Leave to File MOTION to Expedite Ruling; The court acknowledges with thanks receipt of this filing and declines to include it in the docket of 2:25−CV−389. Signed by District Judge Geoffrey W. Crawford on 4/28/2025. (This is a text−only Order.) (jal) (Entered: 04/28/2025) |
| 04/28/2025 | 40 | NOTICE OF DOCKET ENTRY CORRECTION re: 36 UNOPPOSED MOTION for Appearance Pro Hac Vice of Nathan Freed Wessler, Brett Max Kaufman, Brian Hauss, Esha Bhandari, Noor Zafar, Sidra Mahfooz filed by Mohsen Mahdawi. The Affidavit of Sidra Mahfooz has been replaced to correct the PDF size and to remove illegible PDF headers. The corrected document is now attached to 36 and this entry. (sjl) (Entered: 04/28/2025) |
| 04/28/2025 | 41 | ORDER granting 37 MOTION for Admission Pro Hac Vice of Shezza Abboushi Dallal. Signed by District Judge Geoffrey W. Crawford on 4/28/2025. (This is a text−only Order.) (jal) (Entered: 04/28/2025) |
| 04/28/2025 | 42 | RESPONSE in Opposition re 19 MOTION for Release Under Mapp v. Reno filed by Donald J. Trump, Patricia Hyde, J Doe, Todd Lyons, Kristi Noem, Marco A. Rubio, Pamela Bondi. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Drescher, Michael) (Entered: 04/28/2025) |
| 04/28/2025 | 43 | ORDER granting 36 MOTION for Admission Pro Hac Vice of Nathan Freed Wessler, Brett Max Kaufman, Brian Hauss, Esha Bhandari, Noor Zafar and Sidra Mahfooz. Signed by District Judge Geoffrey W. Crawford on 4/28/2025. (This is a text−only Order.) (jal) (Entered: 04/28/2025) |
| 04/28/2025 | 44 | NOTICE OF DOCKET ENTRY CORRECTION re: 23 MOTION for Leave to File *an Amicus Curiae Brief*. Appendix I has been replaced with an amended version to revise a footnote. The revised document is now attached to 23 and this entry. (sjl) (Entered: 04/28/2025) |
| 04/29/2025 | 45 | REPLY to Response to 19 MOTION for Release Under Mapp v. Reno filed by Mohsen Mahdawi. (Attachments: # 1 Exhibit 2 *(Redacted)*, # 2 Exhibit 3 *(Redacted)*, # 3 Exhibit 4, # 4 Exhibit 5) (Allard, Monica) Modified on 4/29/2025 to clarify attachments (sjl). (Additional attachment(s) added on 4/29/2025: # 5 Exhibit 2 *(filed under seal)*, # 6 Exhibit 3 *(filed under seal)*) (sjl). (Entered: 04/29/2025) |
| 04/29/2025 | 46 | SUPPLEMENTAL DOCUMENT(S) *Exhibit 1* re: 45 REPLY to Response to 19 MOTION for Release Under Mapp v. Reno by Mohsen Mahdawi. (Allard, Monica) Modified on 4/29/2025 to clarify event/text (sjl). (Entered: 04/29/2025) |
| 04/29/2025 | 47 | UNOPPOSED MOTION to File Under Seal *Exhibits 2 & 3* re: 45 REPLY to Response to 19 MOTION for Release Under Mapp v. Reno filed by Mohsen Mahdawi(Ernst, Lia) Modified on 4/29/2025 to clarify text (sjl). (Entered: 04/29/2025) |
| 04/29/2025 | 48 | NOTICE OF DOCKET ENTRY CORRECTION re: 45 REPLY to Response to 19 MOTION for Release Under Mapp v. Reno. Unredacted copies of Exhibits 2 and 3 having been received are now attached to 45 under seal. (sjl) (Entered: 04/29/2025) |
| 04/29/2025 | 49 | ORDER: re 45 REPLY to Response to 19 MOTION for Release Under Mapp v. Reno; The court requests that the Government produce FBI SA Marc Emmons at the court |

| | | |
|---|---|---|
| | | hearing on 4/30/25 to provide testimony concerning his investigation of Mr. Mahdawi in 2015. Signed by District Judge Geoffrey W. Crawford on 4/29/2025. (This is a text–only Order.)(jal) (Entered: 04/29/2025) |
| 04/29/2025 | 50 | ORDER granting 47 MOTION to File Under Seal Exhibits 2 & 3 re: 45 REPLY to Response to 19 MOTION for Release Under Mapp v. Reno. Signed by District Judge Geoffrey W. Crawford on 4/29/2025. (This is a text–only Order.) (jal) (Entered: 04/29/2025) |
| 04/29/2025 | 51 | NOTICE *of Supplemental Authority* by Mohsen Mahdawi re 19 MOTION for Release Under Mapp v. Reno (Attachments: # 1 Khalil v. Joyce, # 2 American Association of University Professors v. Rubio) (Ernst, Lia) (Attachments 1 and 2 replaced and text clarified on 4/30/2025) (sjl). (Entered: 04/29/2025) |
| 04/30/2025 | 52 | NOTICE OF DOCKET ENTRY CORRECTION re: 51 Notice of Supplemental Authority. Attachments 1 and 2 have been replaced to remove illegible PDF headers. The corrected documents are now attached to 51 and this entry. (Attachments: # 1 American Association of University Professors v. Rubio) (sjl) (Entered: 04/30/2025) |
| 04/30/2025 | 53 | MINUTE ENTRY for proceedings held before District Judge Geoffrey W. Crawford: Motion Hearing held on 4/30/2025 re 19 MOTION for Release Under Mapp v. Reno. Attorneys D. Isaacson, L. Droubi, M. Melewski, A. Delaney, and S. Dallal present with petitioner. M. Drescher, AUSA present on behalf of respondents. Court makes inquiries and counsel make statements re: court's receipt of ex–parte communications re: case, potential testimony of FBI S/A Marc Emmons (retired), Windsor Police Department report, and closing of FBI file re: Petitioner. Court makes findings. ORDERED: Parties defer to the court's discretion to not disclose ex–parte communications. The court's review and parties statements about the Windsor Police Department report and closing of FBI file obviates the need for S/A Emmons to testify. Respondent makes Oral Motion to Stay Release for 7 Days if the court sets conditions of release. Court makes inquiries and counsel make statements re: 19 MOTION for Release Under Mapp v. Reno. Court makes findings. ORDERED: 19 MOTION for Release Under Mapp v. Reno is granted. Respondents Oral Motion to Stay Release for 7 Days is denied. Petitioner to be released immediately. Court to issue written findings. (Court Reporter: Johanna Masse) (eh) (Entered: 04/30/2025) |
| 04/30/2025 | 54 | OPINION AND ORDER granting 19 MOTION for Release Under Mapp v. Reno. Signed by District Judge Geoffrey W. Crawford on 4/30/2025. (sjl) (Entered: 04/30/2025) |
| 04/30/2025 | 55 | NOTICE OF APPEAL as to 34 Order Extending Temporary Restraining Order, 54 Opinion and Order on Motion for Release by Donald J. Trump, Patricia Hyde, J Doe, Todd Lyons, Kristi Noem, Marco A. Rubio, Pamela Bondi. (Drescher, Michael) Text clarified on 4/30/2025 (law). (Entered: 04/30/2025) |



May 7, 2025

**VIA EMAIL (catherine_wolfe@ca2.uscourts.gov)**

Catherine O'Hagan Wolfe
Clerk of Court
Thurgood Marshall United States Courthouse
40 Foley Square New York, New York 10007

**Re: *Öztürk v. Hyde*, No. 25-1019; *Mahdawi v. Trump*, No. 25-1113**

Dear Ms. Wolfe:

I am a reporter for The Intercept, a nonprofit digital news outlet that is covering the above-captioned proceedings.[1] I write to respectfully urge the Court to lift the remote docket access restrictions that are currently in place under Federal Rule of Civil Procedure 5.2(c) in these matters.

These cases are of historic importance amid the public debate about the scope and legality of the Trump administration's deportation efforts. In each case, it is vital that the public have the chance to understand the parties' arguments as well as the evidence upon which courts evaluate them.

Currently, however, access to the filings in both Ms. Öztürk's and Mr. Mahdawi's appeals is restricted under Federal Rule of Civil Procedure 5.2(c), which prohibits non-parties from remotely accessing the full electronic record via PACER. *See generally* F.R.C.P. 5.2(c). In keeping with that rule, the PACER dockets in both matters currently list all of the filings but only permits remote access to the Court's orders.[2] PACER does not otherwise allow remote access to such vital materials as the government's briefs. Instead, under FRCP 5.2(c), members of the press and all other non-parties may only access the full electronic record by visiting the courthouse. F.R.C.P. 5.2(c). The Intercept's reporters are covering these matters remotely from as far as Los Angeles, where I'm based, and The Intercept — like many other press outlets covering this case across the country and around the world — does not have the financial resources to hire runners to access records in-person. Remote access to filings via PACER is crucial to our coverage.

---

[1] *See, e.g.*, Akela Lacy, *Palestinian Student Leader Was Called In for Citizenship Interview — Then Arrested by ICE*, The Intercept (Apr. 14, 2025), https://theintercept.com/2025/04/14/ice-columbia-student-mohsen-mahdawi-citizenship-interview; Jonah Valdez, *In Trump's America, You Can Be Disappeared for Writing an Op-Ed*, The Intercept (Mar. 30, 2025), https://theintercept.com/2025/03/30/tufts-rumeysa-ozturk-ice-immigration-op-ed.
[2] However, as of this writing even the Court's orders and opinions dated May 7, 2025, in both cases are not publicly accessible via PACER, although the Court has published copies of its opinions elsewhere on its website.

15 West 38th Street, #636, New York, NY 10018

FRCP 5.2(c) allows courts to lift these restrictions to remote access to the electronic record. *See* F.R.C.P. 5.2(c). Indeed, in proceedings below, Ms. Öztürk requested that the restrictions be lifted, but that request has not yet been ruled on. *See Ozturk v. Hyde*, No 2:25-cv-00374, Dkt. 99 at 6 (D. Vt. Apr 16, 2025) (requesting that the court "direct the Clerk of Court to change the nature of suit code to No. 530, 'Habeas Corpus,' to remove the limitations on remote electronic access to the docket").[3] And in many other cases around the country, district courts have lifted the remote access restrictions under FRCP 5.2(c). *See, e.g.*, *Khalil v. Joyce*, No. 1:25-cv-01935, Dkt. 29 (S.D.N.Y. Mar. 12, 2025); *G.F.F. v. Trump*, No. 1:25-cv-02886, Dkt. 39 (S.D.N.Y. Apr. 15, 2025); *A.S.R. v. Trump*, No. 3:25-cv-00113, Dkt. 46 (W.D. Penn. Apr. 25, 2025); *J.A.V. v. Trump*, No. 1:25-cv-00072, Dkt. 55 (S.D. Tex. Apr. 25, 2025); *W.M.M. v. Trump*, No. 1:25-cv-00059, Dkt. 53 (N.D. Tex. Apr. 29, 2025); *Patel v. Lyons*, No. 1:25-cv-01096, Minute Order Dated May 6, 2025 (D.D.C.).

This Court has long emphasized "the importance of immediate access" to judicial records such as those currently restricted on the dockets in these matters. *Lugosch v. Pyramid Co.*, 435 F.3d 110, 126 (2d Cir. 2006) (citing cases). In recognition of the public's interest in these matters, I respectfully ask that the Court do as Ms. Öztürk requested below — and as district courts around the country have done —and promptly lift the remote access restrictions under FRCP 5.2(c). Doing so will not only facilitate more accurate and thorough press coverage of these proceedings, but also vindicate the public's right to "properly monitor the work of the courts." *Lugosch*, 435 F.3d at 127.

Thank you for considering this request.

Respectfully,

Jonah Valdez
Reporter, The Intercept
jonah.valdez@theintercept.com
(201) 375-3715

---

[3] Ms. Öztürk's counsel posted a copy of this filing online:
https://www.aclum.org/sites/default/files/field_documents/2025-04-16_petr_submission_re_further_proceedings_99.pdf

25-1113
*Mahdawi v. Trump*

# 𝔘nited 𝔖tates 𝔆ourt of 𝔄ppeals
## for the 𝔖econd 𝔆ircuit

_____

August Term 2024
Argued: May 6, 2025
Decided: May 9, 2025

No. 25-1113

_____

MOHSEN MAHDAWI,

*Petitioner–Appellee,*

*v.*

DONALD J. TRUMP, in his official capacity as President of the United States;
PATRICIA HYDE, in her official capacity as Acting Boston Field Office Director,
U.S. Immigration and Customs Enforcement; J DOE, in official capacity as
Vermont Sub-Office Director, U.S. Immigration and Customs Enforcement; TODD
LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs
Enforcement; KRISTI NOEM, in her official capacity as Secretary of the United
States Department of Homeland Security; MARCO RUBIO, in his official capacity
as Secretary of State; and PAMELA BONDI, in her official capacity as U.S. Attorney
General,

*Respondents–Appellants.**

_____

Appeal from the United States District Court
for the District of Vermont

_____

* The Clerk of Court is respectfully directed to amend the caption as set forth above.

CERTIFIED COPY ISSUED ON 05/09/2025

No. 2:25-cv-389, Geoffrey W. Crawford, *Judge*
_____

Before:          PARKER, CARNEY, and NATHAN, *Circuit Judges*.
_____

NAZ AHMAD
RAMZI KASSEM
MUDASSAR HAYAT TOPPA
SHEZZA ABBOUSHI DALLAL
CLEAR Project
Main Street Legal Services, Inc.
Long Island City, NY

NATHAN FREED WESSLER
BRETT MAX KAUFMAN
BRIAN HAUSS
ESHA BHANDARI
NOOR ZAFAR
SIDRA MAHFOOZ
American Civil Liberties Union
New York, NY

LIA ERNST
MONICA H. ALLARD
HILLARY A. RICH
ACLU Foundation of Vermont
Montpelier, VT

ANDREW B. DELANEY
Martin Delaney & Ricci Law Group
Barre, Vermont

LUNA DROUBI
MATTHEW MELEWSKI
KEEGAN STEPHAN
Beldock Levine & Hoffman LLP
New York, NY

CYRUS D. MEHTA
DAVID A. ISAACSON
Cyrus D. Mehta & Partners PLLC
New York, NY

*Counsel for Petitioner–Appellee*

DREW C. ENSIGN
ALANNA T. DUONG
DHRUMAN Y. SAMPAT
YAAKOV M. ROTH
ERNESTO H. MOLINA
Civil Division
U.S. Dept. of Justice
Washington, D.C.

MICHAEL P. DRESCHER
Acting United States Attorney
District of Vermont

*Counsel for Respondents–Appellants*

_____

BARRINGTON D. PARKER, SUSAN L. CARNEY, and ALISON J. NATHAN, *Circuit Judges*:

Mohsen Mahdawi is an undergraduate student at Columbia University.  He is also a Lawful Permanent Resident who has lived in the United States for over a decade and is in the process of applying to become a U.S. citizen.  When Mahdawi appeared for his naturalization interview in Vermont on April 14, 2025, he answered the government's questions and passed his citizenship test.  But, he alleges, at the interview's conclusion, a team of armed law enforcement officers entered the room and placed him under arrest.  He was brought to a U.S. Citizenship and Immigration Services office and was served with a Notice to Appear, which informed him that the U.S. Secretary of State had determined that he was removable from the United States under the Immigration and Nationality Act.  Officers then brought him to the airport in Burlington, Vermont, with the intent to transport him to Louisiana, but after they missed the flight to Louisiana, officers brought him to a detention center in Vermont.

Through counsel, Mahdawi filed a habeas petition, challenging his arrest and detention and seeking his release.  He maintains that, in violation of his First and Fifth Amendment rights, he was arrested and detained in retaliation for his peaceful advocacy on the politically contentious topic of the war in Gaza.  On Mahdawi's emergency motion, the district court issued, and later extended, a

1

temporary restraining order prohibiting the government from removing Mahdawi from the District of Vermont. Following a bail hearing, the court also granted Mahdawi's motion to be released during the pendency of his habeas proceeding, finding that he was neither a flight risk nor a danger to the community—findings that the government does not contest before this panel.

The government now seeks an emergency stay of these orders. Largely for the reasons explained in our opinion in *Öztürk v. Hyde*, No. 25-1019, 2025 WL 1318154 (2d Cir. May 7, 2025), we deny the motion for a stay. As explained there, the government is unlikely to succeed on its arguments that the district court lacked jurisdiction over Mahdawi's habeas petition. We further conclude that the government is unlikely to succeed on its arguments that the district court lacked the authority to order Mahdawi's release. We are also unpersuaded by the government's argument that the district court's orders prevented it from effectuating duly enacted law, thereby causing it to suffer irreparable injury. In fact, immigration removal proceedings have continued in Louisiana, and Mahdawi has attended them remotely since his release. Finally, the balance of the equities tips in favor of denying the stay. Indeed, the practical effect of the relief the government seeks would be Mahdawi's re-detention. Individual liberty

2

substantially outweighs the government's weak assertions of administrative and logistical costs. For these reasons, the government's motion for a stay is **DENIED** and the government's request for a writ of mandamus is also **DENIED**.

## I.    BACKGROUND

This case arises from the arrest and detention of Mohsen Mahdawi, a Palestinian student who entered the United States in July 2014 and has been a Lawful Permanent Resident since January 2015. Mahdawi is an undergraduate at Columbia University, majoring in philosophy. As a student at Columbia, he spoke out against Israel's military response to the atrocities committed by Hamas on October 7, 2023. He also took part in student demonstrations where he spoke publicly about "the importance of respecting international law, human rights, and the need for a permanent ceasefire and a peaceful resolution." *Mahdawi v. Trump*, No. 2:25-cv-389, 2025 WL 1243135, at *1 (D. Vt. Apr. 30, 2025) (quotation marks omitted) (quoting Dist. Ct. Dkt. ECF No. 19-2 ¶ 15). The government does not at this time assert that his speech was not protected by the First Amendment.

On April 14, 2025, Mahdawi appeared for his naturalization interview in Vermont. Mot. Ex. A (Habeas Petition, hereinafter "Pet.") at 12 ¶ 50. Unbeknownst to Mahdawi, a month earlier the Secretary of State had secretly issued a memorandum, ostensibly pursuant to 8 U.S.C. § 1227(a)(4)(C), declaring

him deportable for his speech and associations, which the memorandum described as "otherwise lawful." Mot. Ex. B at 1. At the end of his interview, he was arrested by a team of masked ICE agents, brought to a U.S. Citizenship and Immigration Service office, and served with a Notice to Appear ("NTA"). The NTA stated that Mahdawi was removable because "[t]he Secretary of State has determined that your presence and activities in the United States would have serious adverse foreign policy consequences and would compromise a compelling U.S. foreign policy interest." *Mahdawi*, 2025 WL 1243135, at *3 (quoting Dist. Ct. Dkt. ECF No. 19-2, at 10, 13).

That same day, shortly before 2:00 p.m., the agents transported Mahdawi to the airport in Burlington, Vermont, intending to transport him to a Louisiana jail. They missed their scheduled flight, and Mahdawi was moved first to the ICE field office in St. Albans, Vermont, and then to the Northwest State Correctional Facility in Swanton, Vermont.

Mahdawi's attorney filed a habeas petition in the District of Vermont, which was first assigned to Judge William K. Sessions III. Among other things, his petition challenges "the government's targeting and detention of Mr. Mahdawi,"

4

and alleges that his "unlawful arrest and detention" was intended "to punish him for his speech and to chill similar speech." Pet. at 2 ¶ 4, 15 ¶¶ 64–67, 16 ¶ 76.

Shortly after his arrest on April 14, Judge Sessions granted Mahdawi's emergency motion for a temporary restraining order ("TRO") prohibiting Mahdawi's transfer to Louisiana or his removal from this country. *Mahdawi*, No. 2:25-cv-389, 2025 WL 1099021, at *1 (D. Vt. Apr. 14, 2025). On April 24, following the case's reassignment to Judge Geoffrey W. Crawford, the court extended the TRO. *Mahdawi*, No. 25-cv-389 (D. Vt. Apr. 24, 2025), Dist. Ct. Dkt. ECF No. 34. During this time, Mahdawi remained detained at Northwest Correctional Facility.

Mahdawi applied for release on bail pending resolution of his habeas petition. On April 30, 2025, after a hearing, Judge Crawford granted the application. In a careful and well-reasoned opinion, the court concluded, among other things, that Mahdawi presented neither a flight risk nor a danger to his community or to others. *Mahdawi*, 2025 WL 1243135, at *12. The government has yet to contest these findings.

Before us is the government's emergency motion seeking a stay pending appeal of the district court's order extending its initial TRO (April 24, 2025 Order) and its order of release on bail (April 30, 2025 Order). The government asked for

this stay motion to be heard on an expedited schedule, and together with its stay

motion in *Öztürk*.  An applications judge granted these requests and denied the

request for an administrative stay.  *See* 2d Cir. Dkt. ECF No. 30.[1]

## II.    APPELLATE JURISDICTION

As an initial matter, and as Mahdawi concedes, we have appellate

jurisdiction to review each of the challenged orders.  First, under the "collateral

order doctrine," we have jurisdiction to review "'a small class of' interlocutory

rulings that 'are too important to be denied review and too independent of the

cause itself to require that appellate consideration be deferred until the whole case

is adjudicated.'"  *Fischer v. New York State Dep't of L.*, 812 F.3d 268, 273 (2d Cir. 2016)

(quoting *Will v. Hallock*, 546 U.S. 345, 349 (2006)) (other internal citations omitted).

We have previously held that an order granting bail pending disposition of a

habeas petition is an appealable collateral order.  *Iuteri v. Nardoza*, 662 F.2d 159,

161 (2d Cir. 1981).

Second, because the TRO lasts for up to 90 days and "carries many of the

hallmarks of a preliminary injunction," we construe it "as an appealable

preliminary injunction."  *Dep't of Educ. v. California*, 145 S. Ct. 966, 968 (2025); *see*

---

1 The government also moved to consolidate the two cases.  We deny that
motion by separate order.

*also Trump v. J. G. G.*, 145 S. Ct. 1003, 1005, 1006 (2025) (vacating a TRO that had enjoined the government from removing any of the individual plaintiffs from the United States for 14 days).  Accordingly, we conclude that both the district court's release order and extended TRO are appealable orders.

## III.    STAY PENDING APPEAL

A stay is "an exercise of judicial discretion," and the "propriety of its issue is dependent upon the circumstances" presented to the court.  *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quotation marks omitted).  "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [the Court's] discretion."  *Id.* at 433–34.  The four stay factors are "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  *Id.* at 434 (quotation marks omitted).  "The first two factors . . . are the most critical."  *Id.*  And where "the government is a party to the suit, the final two factors merge."  *New York v. U.S. Dep't of Homeland Sec.*, 969 F.3d 42, 58–59 (2d Cir. 2020).  We deny the stay because the government has not met its burden on any of these factors.

### A.     Likelihood of Success on the Merits

The government contends that several provisions of the Immigration and National Act ("INA") stripped the district court of jurisdiction in this case, and that the district court accordingly lacked the power to order Mahdawi's release and to extend the TRO.  These arguments are unlikely to succeed in no small part because our analysis is guided by longstanding principles of statutory interpretation requiring Congress to speak clearly and specifically when it wishes to deprive the federal courts of jurisdiction.  Repeatedly, including in the INA context, the Supreme Court has declared that we should "take account . . . of the presumption favoring interpretations of statutes [to] allow judicial review . . . absent clear statement." *Kucana v. Holder*, 558 U.S. 233, 237 (2010) (quotation marks and citation omitted); *see also McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479, 483–84 (1991).  "[O]nly upon a showing of clear and convincing evidence of a contrary legislative intent should the courts restrict access to judicial review." *Bowen v. Michigan Acad. of Fam. Physicians*, 476 U.S. 667, 671 (1986) (quotation marks omitted).  As explained below, the provisions on which the

8

government relies do not state, let alone clearly state, a jurisdictional bar on review of Mahdawi's detention claims.

1.    *Release Order*

At this stage, the government makes no challenge to the district court's substantive determination that Mahdawi should be released on bail pending the disposition of his habeas petition. *See Mahdawi*, 2025 WL 1243135, at *8–13. Instead, it makes only jurisdictional challenges to the release order based on 8 U.S.C. §§ 1252(g), 1252(a)(5), and 1252(b)(9). We conclude that these jurisdictional challenges are unlikely to succeed.

a.  *8 U.S.C. § 1252(g)*

We begin with the government's argument that the district court's release order should be stayed on the ground that § 1252(g) strips the district court of jurisdiction to hear Mahdawi's habeas petition. Section 1252(g) prohibits courts from "hear[ing] any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General [or Secretary of Homeland Security] to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g).[2] The government claims that

---

[2] As part of transferring many immigration-related responsibilities from the Attorney General to the Secretary of the Department of Homeland Security, "the

9

Mahdawi's challenge to his unlawful detention "aris[es] from" the commencement of removal proceedings. Mot. at 7 (quotation marks omitted).

The government dramatically overstates the reach of § 1252(g) and has failed to demonstrate a likelihood of success on this claim. As we said in *Öztürk v. Hyde*, § 1252(g) does not reach "claims that are independent of, or wholly collateral to, the removal process." No. 25-1019, 2025 WL 1318154, at *9 (2d Cir. May 7, 2025) (quoting *Kong v. United States*, 62 F.4th 608, 614 (1st Cir. 2023)). The Supreme Court and our Court have explained that § 1252(g)'s bar on jurisdiction is "narrow[]," and "applies only to three discrete actions": a decision "to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Reno v. Am.-Arab Anti-Discrimination Comm. ("AADC")*, 525 U.S. 471, 482 (1999) (quoting 8 U.S.C. § 1252(g) (emphases adopted)); *see also Öztürk*, 2025 WL 1318154, at *8. Section 1252(g) is thus "directed against a particular evil: attempts to impose judicial constraints upon prosecutorial discretion." *AADC*, 525 U.S. at 485 n.9. But there are "many other decisions or actions that may be part of the deportation process" and yet do not fall within the three discrete exercises of "prosecutorial

---

Homeland Security Act of 2002 mandates that references to the Attorney General are deemed to include DHS where, as here, the relevant agency functions have been transferred from the Department of Justice to DHS." *Shabaj v. Holder*, 718 F.3d 48, 51 n.3 (2d Cir. 2013) (citing 6 U.S.C. § 557); *see also* 6 U.S.C. § 202.

discretion" covered by § 1252(g).  *Id.* at 482, 485 n.9; *see also Öztürk*, 2025 WL 1318154, at *8.

For that reason, in *Öztürk*, we concluded that a petitioner's "claims of unlawful and retaliatory detention" were "independent of, and collateral to, the removal process." *Öztürk*, 2025 WL 1318154, at *9.  There, we explained that relief from the allegedly improper detention did not interfere with DHS's "prosecutorial discretion." *AADC*, 525 U.S. at 485 n.9.  Nor did it interfere with DHS's ability to initiate removal proceedings against the petitioner, to adjudicate her removal case, or to execute any removal order.  *See Öztürk*, 2025 WL 1318154, at *9–10.  We therefore held that her unlawful detention claims were collateral to the removal process and fell outside of § 1252(g)'s narrow jurisdictional bar.  *Id.* at *9.

The same is true here.  Mahdawi's habeas petition challenges his **detention** on the grounds that it violates his rights under the Constitution.[3]  As in *Öztürk*,

---

[3] Among other things, the petition's Prayer for Relief requests that the court "Order the immediate release of Petitioner pending these proceedings," "Order the release of Petitioner," and "Declare that Respondents' actions to arrest and detain Petitioner violate the First Amendment and the Due Process Clause of the Fifth Amendment."  Pet. at 18.  At this time, the Court need not decide whether every single Prayer for Relief survives § 1252(g).  The district court is still considering the government's motion to dismiss Mahdawi's petition and will have the opportunity to assess which claims are barred by § 1252(g) in the first instance.  So long as part of his challenge to his detention falls outside of § 1252(g), his petition survives, as does the district court's authority to order his release.

Mahdawi's "detention does not arise from the government's 'commenc[ement] of proceedings,'" which begins with the filing of an NTA in an immigration court. 2025 WL 1318154, at *9 (quoting *AADC*, 525 U.S. at 482); *see also* 8 U.S.C. § 1229(a); 8 C.F.R. § 1239.1.  Nor do his claims "arise from the decision to adjudicate [his] removal case," since it does not "implicate the Executive's discretion" to continue or withdraw such a proceeding.  *Öztürk*, 2025 WL 1318154, at *10 (quotation marks omitted).  Moreover, the government does not claim that Mahdawi's detention was "***mandated*** by the mere fact" that it commenced removal proceedings against him.  *Id.*  To the contrary, the government "confirmed that ICE's decision to arrest and detain [Mahdawi] was not directed by § 1226(a)."  *Id.*; *see also* Mot. at 20 (citing 8 U.S.C. § 1226(a) as its "statutory basis for [Mahdawi's] detention").  And since no removal order has been entered, Mahdawi's detention-related claims could not "possibly 'arise from' the execution of a removal order."  *Öztürk*, 2025 WL 1318154, at *10.  Mahdawi's unlawful detention claims are thus likely "independent of, and collateral to, the removal process."  *Id.* at *9.

The government nevertheless insists that the Supreme Court's decision in *AADC* bars this claim.  It is unlikely to succeed on this argument, too.  It is true that the petitioners in *AADC* claimed that the "INS was selectively enforcing

12

immigration laws against them in violation of their First and Fifth Amendment rights." 525 U.S. at 474. And the Supreme Court indeed concluded that the "challenge to the Attorney General's decision to 'commence proceedings' against them [fell] squarely within § 1252(g)." *Id.* at 487. But the petitioners' claims in that case fell within that jurisdictional bar because they sought "to prevent the initiation of deportation proceedings," *id.* at 474—i.e., the "commence[ment of] proceedings," *id.* at 482. The habeas claims in that case did not sound in unlawful *detention* at all, and *AADC* is therefore of no help to the government.

Accordingly, the government has failed to satisfy its burden of demonstrating that § 1252(g) likely strips the district court of jurisdiction to hear Mahdawi's petition.

### b.  *8 U.S.C. §§ 1252(a)(5) and 1252(b)(9)*

For similar reasons, the government's argument that 8 U.S.C. §§ 1252(a)(5) and (b)(9) bar district court review of Mahdawi's claims is unlikely to succeed. Section 1252(b)(9) bars district court review of claims "arising from . . . action[s]" or "proceeding[s] brought to remove an alien." 8 U.S.C. § 1252(b)(9). The government urges the conclusion that Mahdawi's arrest and detention are a but-for result of the Secretary of State's determination that he was removable, and thus § 1252(b)(9) strips district courts of jurisdiction. Mot. at 15. In other words, the

government contends that its detention of Mahdawi works to funnel all his unlawful detention claims into § 1252(b)(9), irrespective of how attenuated the claims may be to removal proceedings.

As we explained in *Öztürk*, we do not read § 1252(b) so broadly. *Öztürk*, 2025 WL 1318154, at *10–13. First, the language of § 1252(b) contradicts the government. *Id.* at *11 ("[T]he very text of § 1252(b) sets out requirements only with respect to review of an order of removal under subsection (a)(1)." (cleaned up) (citing 8 U.S.C. § 1252(b))). No order of removal is at issue here. Second, the Supreme Court has rejected the government's proposed expansive approach, holding that "§ 1252(b)(9) does not present a jurisdictional bar where those bringing suit are not asking for review of an order of removal, the decision to seek removal, or the process by which removability will be determined." *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 591 U.S. 1, 19 (2020) (cleaned up) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018)).

As explained above, Mahdawi's unlawful detention claims may be resolved without affecting pending removal proceedings. He asserts that the government arrested him to punish speech with which it disagrees. But doing so would violate the Constitution—quite separate from the removal procedures followed by the

immigration courts. Consequently, even if his claims have a substantive overlap with challenges he may bring in his removal proceedings, his detention claims do not themselves challenge or arise from "removal proceedings," and "§ 1252(b)(9)'s channeling function has no role to play." *Öztürk*, 2025 WL 1318154, at *11 (quotation marks omitted). As we noted in *Öztürk*, legislative history from the REAL ID Act further supports this conclusion. H.R. Rep. No. 109–72, at 175 (2005) (Conf. Rep.), *as reprinted in* 2005 U.S.C.C.A.N. 240, 300 (specifying that jurisdiction-stripping provisions "would not preclude habeas review over challenges to detention that are independent of challenges to removal orders").

This distinction between detention and removal makes practical sense. While challenges to **removal** can be heard in a petition for review after an order of removal has been entered by an immigration judge and affirmed by the Board of Immigration Appeals, the same is not true of constitutional challenges to **detention** like those raised by Mahdawi. As we explained in *Öztürk*, "neither the IJ nor the BIA has 'jurisdiction to decide constitutional issues.'" *Öztürk*, 2025 WL 1318154, at *12 (quoting *Rabiu v. Immigr. & Naturalization Serv.*, 41 F.3d 879, 882 (2d Cir. 1994)). And while the court of appeals considering the petition for review may consider constitutional claims, that court is obliged to "decide the petition

*only* on the administrative record on which the order of removal is based."
8 U.S.C. § 1252(b)(4)(A) (emphasis added). We are not persuaded that an IJ or the
BIA will develop a sufficient factual record, or any record at all, with respect to the
challenged *detention*, especially given that bond hearings are decided separately,
appealed separately, and contain records separate from those made in the removal
proceedings. *See* 8 U.S.C. § 1226(a); 8 C.F.R. §§ 236.1(d), 1003.19(d); U.S. Dep't
Just., Exec. Off. for Immigr. Rev., Immigration Court Practice Manual, § 9.3(e), (f)
(last visited May 6, 2025), available at https://www.justice.gov/eoir/reference-
materials/ic/chapter-9/3 [https://perma.cc/9A6W-AG9U]. This means that in
many, if not most, instances, courts of appeal would not have a sufficient record
to assess the constitutionality of the government's conduct in cases such as this.

Construing an independent constitutional challenge to detention as
necessarily implying a challenge to removal would lead to what *Jennings* called an
"absurd" result. 583 U.S. at 293 (opinion of Alito, J., joined by Roberts, C.J., and
Kennedy, J.). Mahdawi's core argument is that his free speech and due process
rights are being violated, *now*. Pet. at 15–16, ¶¶ 63–76; *see also Öztürk*, 2025 WL
1318154, at *12. "By the time a final order of removal [is] eventually entered"—if
it ever is entered—the allegedly wrongful detention will have already occurred.

*Jennings*, 583 U.S. at 293 (opinion of Alito, J., joined by Roberts, C.J., and Kennedy, J.).

Accordingly, the government has not established that § 1252(b)(9) likely strips the district court of jurisdiction to hear Mahdawi's petition. For the same reasons, we reject the government's argument that § 1252(a)(5) likely forecloses review of Mahdawi's petition. Section 1252(a)(5) bars district court review "of an order of removal," but no order of removal is at issue here. 8 U.S.C. § 1252(a)(5).

### 2. *TRO Extension Order*

The government also asserts that the INA deprived the district court of jurisdiction to extend its TRO. As a preliminary matter, the government conceded at argument that if the release order remains in place, its challenge to the TRO is "essentially moot." Oral Arg. Hearing at 23:40–24:09. But in any event, the government is unlikely to prevail. As in *Öztürk*, the government relies on 8 U.S.C. § 1252(a)(2)(B)(ii), which precludes the exercise of federal court jurisdiction "to review . . . any . . . decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is *specified* under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii) (emphasis added). Here, the government contends that § 1252(a)(2)(B)(ii) deprived the district court of jurisdiction to extend

17

the TRO on the ground that the decision where to detain a noncitizen pending removal proceedings is committed to the discretion of the Secretary of Homeland Security, and the INA precludes judicial review over such discretionary decisions. *See* Mot. at 17–19.

But as we explained in *Öztürk*, 2025 WL 1318154, at *7–8, the government dramatically overstates the scope of § 1252(a)(2)(B)(ii).  Section 1252(a)(2)(B)(ii)'s bar on jurisdiction applies only to those decisions where Congress has expressly "set out the Attorney General's discretionary authority in the statute."  *Kucana*, 558 U.S. at 247.  Crucially, the question is not whether § 1231(g) "require[s] an exercise of discretion" because even if it "probably do[es]," the crux is "whether the text . . . specifies that the decision is in the discretion of the Attorney General." *Nethagani v. Mukasey*, 532 F.3d 150, 154 (2d Cir. 2008) (cleaned up).  We have held that "when a statute authorizes the Attorney General to make a determination, but lacks additional language specifically rendering that determination to be within his discretion (*e.g.*, 'in the discretion of the Attorney General,' 'to the satisfaction of the Attorney General,' etc.), the decision is not one that is 'specified . . . to be in

18

the discretion of the Attorney General' for purposes of § 1252(a)(2)(B)(ii)." *Id.* at 154–55.

The government argues that two different statutory provisions, 8 U.S.C. § 1231(g) and 8 U.S.C. § 1226(a), "specif[y]" that the decision to detain immigrants in the custodial location of the government's choice is within the executive branch's exclusive discretion, precluding judicial review. The government is unlikely to prevail on this argument. Section 1231(g) has no such additional language. It merely states that "[t]he Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal." 8 U.S.C. § 1231(g)(1). Far from authorizing discretion, § 1231(g) uses the obligatory "shall" rather than the permissive "may." This language is "in stark contrast to other sections of the INA," which both use permissive verbs and include additional language specifying that those decisions that are within the Attorney General or DHS Secretary's discretion. *Aguilar v. U.S. Immigr. & Customs Enf't Div. of Dep't of Homeland Sec.*, 510 F.3d 1, 20 (1st Cir. 2007); *cf., e.g.,* 8 U.S.C. § 1157(c)(1) ("[T]he Attorney General *may, in the Attorney General's discretion . . . .*" (emphasis added)). When "Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed

that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Nken*, 556 U.S. at 430 (quoting *I.N.S. v. Cardoza–Fonseca*, 480 U.S. 421, 432 (1987)).[4]

Section 1226(a), which states that "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States," similarly falls outside the scope of § 1252(a)(2)(B)(ii).  8 U.S.C. § 1226(a).  First, the permissive "may" in § 1226(a) provides discretion only as to the decision to detain—not as to the location of detention.  But even if this section did "authorize[] the Attorney General" to detain an alien wherever they saw fit, it "lacks additional language specifically rendering that determination to be within his discretion (*e.g.,* 'in the discretion of the Attorney General,' 'to the satisfaction of the Attorney General,' etc.)."  *Nethagani*, 532 F.3d at 154–55.  Accordingly, such a decision does

---

[4] In fact, the very next sentence of § 1231(g)(1) uses the permissive "may," and the subsection appears to relate "more centrally to the government's brick and mortar obligations for obtaining facilities in which to detain aliens."  *Reyna as next friend of J.F.G. v. Hott*, 921 F.3d 204, 209 (4th Cir. 2019).  Section 1231(g) first provides that the Attorney General "shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal."  8 U.S.C. § 1231(g)(1).  If such facilities "are unavailable," the statute then provides that "the Attorney General *may* expend" from specified appropriations "amounts necessary to acquire land and to acquire, build, remodel, repair, and operate facilities (including living quarters for immigration officers if not otherwise available) necessary for detention."  *Id.* (emphasis added).

not preclude judicial review because it "is not one that is 'specified . . . to be in the discretion of the Attorney General' for purposes of § 1252(a)(2)(B)(ii)." *Id*. at 155.

The Supreme Court has applied the "presumption favoring interpretations of statutes [to] allow judicial review . . . absent clear statement" to § 1252(a)(2)(B)(ii)'s bar on jurisdiction. *Kucana*, 558 U.S. at 237 (quotation marks omitted). Under these circumstances, we do not believe that § 1252(a)(2)(B)(ii), by operation of § 1231(g) and § 1226(a), likely forecloses judicial review.

Accordingly, we conclude that the government is unlikely to succeed in its appeal of the order releasing Mahdawi and the order extending the TRO.

## B.    Irreparable Injury

As in *Öztürk*, the government contends that any court order related to immigration detention matters causes irreparable injury to its sovereign authority. But the government has not demonstrated in what way it is being "enjoined by a court [from] effectuating statutes enacted by representatives of its people." Mot. at 19 (quoting *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers)). The district court's order to hold Mahdawi (if detained) in Vermont pending his habeas petition hearing does not enjoin the government from enforcing or "effectuating" any duly enacted law. The district court concluded that Mahdawi is neither a flight risk nor a danger to the community, and the

government does not challenge that determination.  Further, Mahdawi's challenge to his detention does not seek to disrupt—and nothing prevents the government from continuing with—the removal proceedings it has commenced.  *See* 8 U.S.C. § 1229a(b)(2)(A)(iii)–(iv) (providing that removal proceedings may take place through video conference or, in some circumstances, "through telephone conference").  We thus conclude that the government has not shown any irreparable injury from either his release on bail or continued presence in the District of Vermont pending his removal proceedings.

## C.    Balance of Equities

Finally, the balance of the equities weighs heavily against a stay.  First of all, the practical effect of the relief the government seeks would be to allow Mahdawi's re-detention.  And "[t]he interest of the habeas petitioner in release pending appeal [is] always substantial."  *Hilton v. Braunskill*, 481 U.S. 770, 777 (1987).  This is especially true given Mahdawi's substantial First Amendment claims.  *See Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.").  And as to the TRO, inherent in the term "habeas corpus" is the notion that the government is required to produce the detainee in order to allow the court to examine the legality of detention.  *See* 28 U.S.C. § 2243 ("[T]he person to whom the writ is

22

directed shall be required to produce at the hearing the body of the person detained."); *Johnson v. Eisentrager*, 339 U.S. 763, 778 (1950) ("A basic consideration in habeas corpus practice is that the prisoner will be produced before the court. This is the crux of the statutory scheme established by the Congress; indeed, it is inherent in the very term 'habeas corpus.'").

For its part, the government does not contest the district court's findings that Mahdawi is neither a danger to the public nor a flight risk. Instead, it claims irreparable harm from the "practical cost[]" of "creat[ing] an ad-hoc location for Mahdawi to continue to appear for his removal proceedings in Louisiana remotely." Mot. at 19–20. We are unpersuaded. For one, Mahdawi is not in ICE detention, so his appearing remotely is his responsibility, not the government's. But even if he were re-detained, "[f]aced with such a conflict between the government's unspecific financial and administrative concerns on the one hand, and the risk of substantial constitutional harm to [Mahdawi] on the other, we have little difficulty concluding 'that the balance of hardships tips decidedly' in [his] favor." *Öztürk*, 2025 WL 1318154, at *14 (quoting *Mitchell v. Cuomo*, 748 F.2d 804, 808 (2d Cir. 1984) (internal quotation marks omitted)).

23

## IV.   MANDAMUS RELIEF

The government asks this Court, in the alternative, to issue a writ of mandamus and hold that the district court lacked authority to order Mahdawi's release and extend the TRO.  "The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations."  *Kerr v. U. S. Dist. Ct. for N. Dist. of California*, 426 U.S. 394, 402 (1976).  "We issue the writ only in exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion."  *In re Roman Cath. Diocese of Albany, New York, Inc.*, 745 F.3d 30, 35 (2d Cir. 2014) (quotation marks omitted); *see also Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004).  The government has shown no such exceptional circumstances.  *Öztürk*, 2025 WL 1318154, at *14 (denying writ of mandamus because "the government's argument . . . that the district court lacked jurisdiction . . . runs the government head into the 'general rule that appellate courts should avoid determining jurisdictional issues on a petition for mandamus'" (quoting *In re Ivy*, 901 F.2d 7, 10 (2d Cir. 1990))).  We therefore decline to issue a writ of mandamus.

*      *      *

For the reasons stated above, the government's motion for a stay of the district court's release order and extended TRO is **DENIED**.  The government's request for a writ of mandamus is also **DENIED**.

The parties are directed to confer with the Clerk of Court to set a briefing schedule for the merits of the appeal.

A True Copy

Catherine O'Hagan Wolfe, Clerk

United States Court of Appeals, Second Circuit

25