# No. 25-1113

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

MOHSEN MAHDAWI,

*Petitioner-Appellee*,

v.

DONALD J. TRUMP, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNITED STATES; PATRICIA HYDE, IN HER OFFICIAL CAPACITY AS ACTING BOSTON FIELD OFFICE DIRECTOR; VERMONT SUB-OFFICE DIRECTOR OF IMMIGRATION AND CUSTOMS ENFORCEMENT; TODD M. LYONS, IN HIS OFFICIAL CAPACITY AS ACTING DIRECTOR FOR U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; KRISTI NOEM, IN HER OFFICIAL CAPACITY AS SECRETARY OF THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY; MARCO RUBIO, IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE; AND PAMELA BONDI, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE UNITED STATES,

*Respondents-Appellants*.

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT**

**PETITIONER–APPELLEE'S OPPOSITION TO RESPONDENTS-APPELLANTS' MOTION TO EXPEDITE CONSIDERATION OF APPEAL AND PROPOSED BRIEFING SCHEDULE**

*(Counsel listed on next page)*

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
Nathan Freed Wessler
Brett Max Kaufman
Brian Hauss
Esha Bhandari
Noor Zafar
Sidra Mahfooz
125 Broad Street, 18th Floor
New York, NY 10004
P: (212) 549-2500
nwessler@aclu.org

**CLEAR Project**
**Main Street Legal Services, Inc.**
Ramzi Kassem
Naz Ahmad
Mudassar Hayat Toppa
Shezza Abboushi Dallal
CUNY School of Law
2 Court Square, 5th Floor
Long Island City, NY 11101
Tel.: (718) 340-4558
ramzi.kassem@law.cuny.edu
naz.ahmad@law.cuny.edu
mudassar.toppa@law.cuny.edu
shezza.dallal@law.cuny.edu

**ACLU FOUNDATION OF VERMONT**
Lia Ernst
Monica H. Allard
Hillary A. Rich
P.O. Box 277
Montpelier, VT 05601
P: (802) 223-6304
lernst@acluvt.org
mallard@acluvt.org
hrich@acluvt.org

**BELDOCK LEVINE & HOFFMAN LLP**
Luna Droubi
Matthew Melewski
Keegan Stephan
99 Park Avenue, PH/26th Floor
New York, New York 10016
P: (212) 277-5875
F: (212) 277-5880
ldroubi@blhny.com
mmelewski@blhny.com
kstephan@blhny.com

**MARTIN DELANEY & RICCI LAW GROUP**
Andrew B. Delaney
100 North Main Street
Barre, Vermont 05641
andrew@mdrvt.com
P: 802-479-0568

**CYRUS D. MEHTA & PARTNERS PLLC**
Cyrus D. Mehta
David A. Isaacson
One Battery Park Plaza, 9th Floor
New York, New York 10004
cm@cyrusmehta.com
disaacson@cyrusmehta.com
P: 212-425-0555

# INTRODUCTION

On April 14, 2025, Petitioner-Appellee Mohsen Mahdawi, a lawful permanent resident, was detained solely because of his constitutionally protected speech. After the District Court ordered Mr. Mahdawi released pending resolution of his Petition for a Writ of Habeas Corpus, Respondents-Appellants appealed the bail order and filed an emergency motion in this Court for stay pending appeal. After accelerated briefing and argument, this Court denied the emergency motion for stay, finding that the government was unlikely to prevail on the merits, had shown no irreparable harm, and that the balance of equities disfavored a stay.

The government now resuscitates its emergency motion by asking this court to expedite the standard briefing schedule provided by Local Rule 31.2(a). Instead of offering new justifications for expedited relief, Respondents-Appellants simply repeat, in extremely summary form, the very conclusions already squarely rejected by the Court.

This Court has already acted swiftly to assess Respondents-Appellants' claimed emergency, which boils down to mere disagreement with the jurisdictional rulings of this Court and the court below. Having found the government's rationale wanting, the Court need not entertain what is essentially a request for lesser relief on the same basis. Instead, the Court should reject the government's second motion for expedited relief, and order the appeal to proceed pursuant to the standard briefing

1

schedule allowed by Local Rule 31.2(a).

## PROCEDURAL HISTORY

After his detention, Mr. Mahdawi immediately filed a Petition for a Writ of Habeas Corpus and sought and received a temporary restraining order enjoining Respondents from removing him from the District of Vermont or the United States. (Pet. for Writ of Habeas Corpus, *Mahdawi v. Trump*, No. 25-CV-389 (D. Vt. Apr. 14, 2025), Dkt. No. 1; Order, *Mahdawi*, No. 25-CV-389 (D. Vt. Apr. 14, 2025), Dkt. No. 6; *see also* Order Extending TRO, Dkt. No. 34 (Apr. 24, 2025).) On April 30, 2025, after hearing oral argument on Petitioner's motion for release pursuant to *Mapp v. Reno*, the district court released Petitioner-Appellee on bail, determining that his petition raised substantial issues, that this case presented extraordinary circumstances, that Mr. Mahdawi was not a flight risk, and that Mr. Mahdawi was not a danger to his community. The district court denied Respondents' motion for a stay pending appeal. (Minute Entry, *Mahdawi*, No. 25-CV-389 (D. Vt. Apr. 30, 2025), Dkt. No. 53; Op. & Order on Mot. for Release, *Mahdawi*, No. 25-CV-389 (D. Vt. Apr. 30, 2025), Dkt. No. 54.)

Respondents-Appellants immediately filed a notice of appeal, and the following day, May 1, 2025, filed an Emergency Motion Pursuant to Circuit Rule 27.1(d) for Stay Pending Appeal with Relief Request by May 6, 2025. (Notice of Appeal, Mahdawi, No. 25-CV-389 (D. Vt. Apr. 30, 2025), Dkt. No. 55; Mot. to Stay,

Dkt. No. 20). Respondents-Appellants also sought an order consolidating the appeal of this case with that of *Ozturk v. Trump*, No. 25-1019 (2d Cir. 2025). (Mot. to Consolidate Cases, Dkt. No. 21.)

Petitioner-Appellee filed his opposition to the motion to consolidate on May 4, 2025, and his opposition to the motion to stay on May 5, 2025. (Dkt. Nos. 44, 45). Respondents-Appellants filed their reply in support of their emergency motion to stay later that day. (Dkt. No. 52.) The Court held argument on both motions on May 6, 2025, as requested by Respondents-Appellants, and three days later issued orders denying both motions. (Orders, Dkt. Nos. 85, 86.) In denying the emergency motion for stay, the Court held that "the government is unlikely to succeed on its arguments that the district court lacked jurisdiction over Mahdawi's habeas petition [or] that the district court lacked the authority to order Mahdawi's release." (Order, Dkt. No. 86 at 2.) The Court was also "unpersuaded by the government's argument that the district court's orders prevented it from effectuating duly enacted law, thereby causing it to suffer irreparable injury." *Id.* On the third element of the standard for granting an emergency stay, the Court held that "the balance of the equities tips in favor of denying the stay." *Id.*

The Court further ordered the parties to confer with the Clerk of Court to set a briefing schedule for the merits of the appeal. *Id.* The parties conferred, but were unable to reach agreement on a briefing schedule.

3

Respondents-Appellants filed their Opposed Motion to Expedite Consideration of Appeal and Proposed Briefing Schedule on May 20, 2025 (Dkt. No. 94.) Without developed argument or case citation, the government simply asserted that expedited relief was warranted "[b]ecause the district court's order contravenes a multitude of precedents confirming the Immigration and Nationality Act's many jurisdictional bars and the government has an interest in effecting statutes enacted by representatives of its people." *Id.*

## LEGAL STANDARD

Pursuant to Local Rule 31.2, an appellee may request up to 91 days from the filing date of the appellants' opening brief to file an answering brief. *See* Local Rule 31.2(a)(1)(B). The Court can expedite the briefing schedule and consideration of an appeal upon a showing of "good cause." 28 U.S.C. § 1657(a) (federal courts "shall expedite the consideration of any action … if good cause therefor is shown"); *see also* Fed. R. App. P. 2(a). Local Rule 27.1(d)(3) further provides that "[a] motion seeking emergency or expedited relief must . . . state the nature of the emergency and the harm that the movant will suffer if the motion is not granted[.]"

## ARGUMENT

The government's emergency motion for expedited relief should be denied because it merely restates the government's argument on its emergency motion for a stay, which the Court already rejected. Repeating those same claims in this second

4

motion for expedited relief should lead to the same result.

In a single sentence, Respondents-Appellants offer two rationales for why the Court should grant its motion to expedite, both of which they already presented to this Court, and both of which this Court already rejected. The first is that "the district court's order contravenes a multitude of precedents confirming the Immigration and Nationality Act's many jurisdictional bars." (Mot. to Expedite, Dkt. No. 94.1.) This is the same argument the government made in its emergency motion for stay. (*See, e.g.*, Mot. for Stay, Dkt. No. 20 at 6) ("district courts lack jurisdiction to hear [Mr. Mahdawi's habeas petition]. Namely, Mahdawi's claims are barred by 8 U.S.C. § 1252(g) . . . Additionally, § 1252(a)(5) and (b)(9) deprive courts of jurisdiction . . .").

The Court carefully evaluated these claims in its Order denying the motion, in assessing whether Respondents-Appellants were likely to succeed on the merits of the appeal. (Order, Dkt. No. 86.1 at 8) ("The government contends that several provisions of the Immigration and National[ity] Act ("INA") stripped the district court of jurisdiction in this case, and that the district court accordingly lacked the power to order Mahdawi's release and to extend the TRO. These arguments are unlikely to succeed . . ."). Respondents-Appellants disagree with this Court's conclusion, and are entitled to revive this argument in the full briefing on the merits. That fact alone, however, is not "good cause" for expediting the appeal. Rather, it

5

is the position one expects from an Appellant in *any* appeal after denial of expedited relief.

The second reason the government offers for granting its motion to expedite is that "the government has an interest in effecting statutes enacted by representatives of its people." (Mot. to Expedite, Dkt. No. 94.1) The government also already made this exact argument in its emergency motion for stay. (Mot. to Stay, Dkt. No. 20 at 19) ("The government will experience irreparable harm if this Court does not intervene. It 'suffers a form of irreparable injury' '[a]ny time [it] is enjoined by a court form effectuating statutes enacted by representatives of its people.'") (citations omitted).

The Court evaluated this argument in its determination that the government would not suffer irreparable injury, concluding that "the government has not demonstrated in what way" it was being prevented from "effecting statutes enacted by representatives of its people." (Order, Dkt. 86.1 at 8). As with the Court's determination on likelihood of success, the government still thinks it is being irreparably harmed. As noted above, however, this is simply the basis for the appeal and the failed motion to stay, not "good cause" to expedite.

Finally, the practical effect of Respondents-Appellants request is to limit the time afforded to Petitioner-Appellee to file its brief. Under Local Rule 31.2, Petitioner-Appellee may ordinarily request up to 91 days from the filing date of the

6

appellants' opening brief to file an answering brief. *See* Local Rule 31.2(a)(1)(B). Respondents-Appellants propose to restrict Petitioner-Appellee to only 31 days to respond. Granting such a request would be a sharp contrast to the Court's recent determination that the government was not likely to succeed on the merits, had shown no irreparable injury, and that the balance of equities weighed heavily against granting a stay.

## CONCLUSION

Respondents-Appellants' Motion to Expedite Consideration of Appeal and Proposed Briefing Schedule should be denied. Instead, the Court should grant Petitioner-Appellee the full allocation of time pursuant to Local Rule 31.2(a).

Dated: New York, New York  Respectfully submitted,
      May 22, 2025

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
Nathan Freed Wessler
Brett Max Kaufman
Brian Hauss
Esha Bhandari
Noor Zafar
Sidra Mahfooz
125 Broad Street, 18th Floor
New York, NY 10004
P: (212) 549-2500
nwessler@aclu.org

**CLEAR Project**
**Main Street Legal Services, Inc.**
Ramzi Kassem
Naz Ahmad
Mudassar Hayat Toppa
Shezza Abboushi Dallal
CUNY School of Law
2 Court Square, 5th Floor
Long Island City, NY 11101
Tel.: (718) 340-4558
ramzi.kassem@law.cuny.edu
naz.ahmad@law.cuny.edu
mudassar.toppa@law.cuny.edu
shezza.dallal@law.cuny.edu

**ACLU FOUNDATION OF VERMONT**
Lia Ernst
Monica H. Allard
Hillary A. Rich
P.O. Box 277
Montpelier, VT 05601
P: (802) 223-6304
lernst@acluvt.org

**MARTIN DELANEY & RICCI LAW GROUP**
Andrew B. Delaney
100 North Main Street
Barre, Vermont 05641
andrew@mdrvt.com
P: 802-479-0568

**BELDOCK LEVINE & HOFFMAN LLP**
Luna Droubi
Matthew Melewski
Keegan Stephan
99 Park Avenue, PH/26th Floor
New York, New York 10016
P: (212) 277-5875
F: (212) 277-5880
ldroubi@blhny.com

**CYRUS D. MEHTA & PARTNERS PLLC**
Cyrus D. Mehta
David A. Isaacson
One Battery Park Plaza, 9th Floor
New York, New York 10004
cm@cyrusmehta.com
disaacson@cyrusmehta.com
P: 212-425-0555
F: 212-425-3282

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS**

(1) This document complies with the Length Limits of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P 32(f), this document contains 1,502 words.

(2) This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared using Microsoft Word, version 2301, in 14-point Times New Roman font.

Dated: New York, New York
May 22, 2025

Luna Droubi, Esq.
Beldock Levine & Hoffman LLP
99 Park Avenue, PH/26th Fl.
New York, NY 10016
(212) 277-5875
ldroubi@blhny.com