**BELDOCK LEVINE & HOFFMAN LLP**
99 PARK AVENUE, PH/26TH FLOOR

NEW YORK, N.Y. 10016

TEL: (212) 490-0400
FAX: (212) 277-5880
WEBSITE: blhny.com

JONATHAN C. MOORE
DAVID B. RANKIN
LUNA DROUBI
MARC A. CANNAN
JONATHAN K. POLLACK
HENRY A. DLUGACZ
STEPHEN J. BLUMERT
MYRON BELDOCK (1929-2016)
LAWRENCE S. LEVINE (1934-2004)
ELLIOT L. HOFFMAN (1929-2016)

COUNSEL
PETER S. MATORIN
CYNTHIA ROLLINGS
KAREN L. DIPPOLD
JODY YETZER
MARJORY D. FIELDS
EMILY JANE GOODMAN
　(JUSTICE, NYS SUPREME COURT, RET.)
FRANK HANDELMAN
SAM KOOLAQ
ASHA SMITH
MATTHEW MELEWSKI

February 17, 2026

**VIA ACMS**
Catherine O'Hagan Wolfe, Clerk of the Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: **No. 25-1113, *Mahdawi v. Trump, et al.*, Fed. R. App. P. 28(j) Letter Regarding Petitioner's Removal Proceedings**

Dear Ms. Wolfe:

Petitioner-Appellee Mohsen Mahdawi submits this Rule 28(j) letter to advise the Court that on February 11, 2026, following a hearing, the immigration court held that the Department of Homeland Security had not met its burden of proving removability, and as a result, the immigration court terminated removal proceedings against Mr. Mahdawi without prejudice. The immigration court then issued a written order on February 13, 2026, further explaining its reasoning. While immigration court filings are not by default public, Petitioner has consulted with the government and, with its assent, is attaching the immigration judge's written order to this letter, with minimal redactions to protect Mr. Mahdawi's privacy. Mr. Mahdawi would be pleased to file an unredacted copy of the order under seal at the Court's request.

This development underscores the dangers of the government's interpretation of the Immigration and Nationality Act. Under the government's view, it could punitively detain any noncitizen in retaliation for his speech for many months, so

long as it simultaneously institutes removal proceedings—no matter how unmeritorious—all without any federal court review of the lawfulness of detention at any time.

To be clear, the termination of Mr. Mahdawi's removal proceeding does not moot his habeas case. During the immigration hearing, the government specifically reserved the right to appeal the immigration court's decision. Without habeas jurisdiction and the bail order that is currently in place, any government appeal to the Board of Immigration Appeals would again subject Mr. Mahdawi to re-detention. *See* 8 C.F.R. § 1003.6(a). For that reason, he continues to suffer the threat of continuing "now-or-never" First and Fifth Amendment harms. Br. in Opp. 36-37.

Sincerely,

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
Nathan Freed Wessler
Brett Max Kaufman
Brian Hauss
Esha Bhandari
Noor Zafar
Sidra Mahfooz
125 Broad Street, 18th Floor
New York, NY 10004
P: (212) 549-2500
nwessler@aclu.org

**ACLU FOUNDATION OF VERMONT**
Lia Ernst
Monica H. Allard
Hillary A. Rich
P.O. Box 277
Montpelier, VT 05601
P: (802) 223-6304
lernst@acluvt.org

**CLEAR Project**
**Main Street Legal Services, Inc.**
Naz Ahmad
Mudassar Hayat Toppa
Shezza Abboushi Dallal
CUNY School of Law
2 Court Square, 5th Floor
Long Island City, NY 11101
Tel.: (718) 340-4630
naz.ahmad@law.cuny.edu
mudassar.toppa@law.cuny.edu
shezza.dallal@law.cuny.edu

**BELDOCK LEVINE & HOFFMAN LLP**
Luna Droubi
Matthew Melewski
Tala Alfoqaha
Keegan Stephan
99 Park Avenue, PH/26th Floor
New York, New York 10016
P: (212) 277-5875
F: (212) 277-5880
ldroubi@blhny.com

| | |
|---|---|
| **MARTIN DELANEY & RICCI LAW GROUP**<br>Andrew Delaney<br>100 North Main Street<br>Barre, Vermont 05641<br>andrew@mdrvt.com<br>P: 802-479-0568 | **CYRUS D. MEHTA & PARTNERS PLLC**<br>Cyrus D. Mehta<br>David A. Isaacson<br>One Battery Park Plaza, 9th Floor<br>New York, New York 10004<br>P: 212-425-0555<br>F: 212-425-3282 |

*Counsel for Petitioner-Appellee*



UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
CHELMSFORD IMMIGRATION COURT

Respondent Name:

MAHDAWI, MOHSEN KHADER

To:

Isaacson, David A.
One Battery Park Plaza
9th Floor
New York, NY 10004

A-Number:

■■■■■■■■

Riders:
In Removal Proceedings
Initiated by the Department of Homeland Security
Date:
02/13/2026

### ORDER OF THE IMMIGRATION JUDGE

☑ Respondent ☐ the Department of Homeland Security has filed a motion to terminate these proceedings, and the non-moving party was accorded notice and an opportunity to respond. The motion is ☑ opposed ☐ unopposed.

After considering the facts and circumstances, the immigration court orders that the motion to terminate is ☑ granted ☐ with ☑ without prejudice ☐ denied because:

☑ The Department of Homeland Security ☐ met ☑ did not meet its burden of proving by clear and convincing evidence that Respondent is removable as charged. 8 C.F.R. § 1240.8(a).

☐ Respondent ☐ met ☐ did not meet the burden of proving that Respondent is clearly and beyond a doubt entitled to admission to the United States and is not inadmissible as charged. 8 C.F.R. § 1240.8(b)-(c).

☐ Other.

☑ Further analysis/explanation:

The Department sought to establish removability by way of a photocopy of a document titled "Memorandum for the Secretary of Homeland Security" that looks to be signed by the U.S. Secretary of State, Marco Rubio, on March 15, 2025. See Exhibit 6, Tab D of the record. The Court finds that the Department's evidence submitted to establish removability, namely Exhibit 6, Tab D, is relevant and probative, it is not admissible as it lacked proper authentication. See 8 C.F.R. sec. 287.6; See also, Matter of J. R. VELASQUEZ, 25 I&N Dec. 680, 684-685 (BIA 2012).

The First Circuit has established a "[A]uthentication requires nothing more than proof that a document or thing is what it purports to be and, even though the Federal Rules of Evidence spell out various options, the rules also stress that these options are not exclusive and the central condition can be proved in any way that

makes sense in the circumstances." Yongo v. INS, 355 F.3d 27, 30-31 (1st Cir. 2004) (citing

Fed. R. Evid. 901-902. DHS argued the document is self-authenticating. The Court disagrees.

The Court finds that this is an official record and therefore falls within the scope of 8 C.F.R. sec. 287.6. Section 287.6 (a) of the Code of Federal Regulations states "In any proceeding under this chapter, an official record or entry therein, when admissible for any purpose, shall be evidenced by an official publication thereof, or by a copy attested by the official having legal custody of the record or by an authorized deputy."

This document was not certified or attested. Furthermore, no witness was produced to explain what this document is, how it was obtained and to attest to its validity. See, Yongo, 355 F.3d 27, 30-31; Matter of Barcenas, 19 I&N Dec. 609 (BIA. 1988).

To the extent that the EARM report I-213 narrative relied upon the same unauthenticated State Department document evidence for purposes of establishing removability, the Court finds that the EARM also fails to establish the INA sec. 237 (a) (4) (C) (i) charge by clear and convincing evidence.

Immigration Judge: FROES, NINA 02/13/2026

Appeal: Department of Homeland Security: [ ] waived [✓] reserved
Respondent: [ ] waived [✓] reserved

Appeal Due: 03/13/2026

### Certificate of Service

This document was served:
Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable
To: [ ] Alien | [ ] Alien c/o custodial officer | [ E ] Alien atty/rep. | [ E ] DHS
Respondent Name : MAHDAWI, MOHSEN KHADER | A-Number :
Riders:
Date: 02/13/2026 By: VASQUEZ, GENESIS, Court Staff