June 10, 2026

**VIA ACMS**

Catherine O'Hagan Wolfe, Clerk of the Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

>      Re:    **No. 25-1113, *Mahdawi v. Trump, et al.*, Fed. R. App. P. 28(j) Letter Regarding Petition for Review and Immigration Judge Removal Order in Petitioner's Case**

Dear Ms. Wolfe:

Petitioner-Appellee Mohsen Mahdawi submits this Rule 28(j) letter to advise the Court of further developments in his immigration proceedings. As Petitioner previously notified this Court, on April 29, 2026, the Board of Immigration Appeals (BIA) reinstated removal proceedings against him and remanded for an opportunity to submit applications for relief from removal, including asylum. On May 29, 2026, Petitioner filed a Petition for Review (PFR) in the U.S. Court of Appeals for the First Circuit, explaining that the BIA's "order may be considered final"—and therefore ripe for a PFR—"given that Petitioner does not intend to pursue an application for limited administrative relief such as asylum or withholding of removal but rather seeks judicial review to retain his Lawful Permanent Resident status." Petitioner's PFR is docketed as *Mahdawi v. Blanche*, No. 26-1648 (1st Cir.), and is attached hereto.

On June 1, 2026, Petitioner notified the immigration court that he would not be filing an application for asylum or similar relief from removal, and instead is seeking immediate judicial review of the BIA's decision that he is removable. On June 3, 2026, the immigration judge ordered Petitioner's removal, on the basis that "removability was previously determined" by the BIA. A copy of the immigration judge's order is attached with minimal redactions.

These developments further highlight the need for federal habeas review of Mr. Mahdawi's claims of retaliatory detention in violation of the First Amendment and that his punitive detention serves no legitimate purpose in violation of the Fifth Amendment. Petitioner's removal proceedings continue to move forward, but without habeas review, Petitioner would continue to have had no remedy for the unconstitutional detention and censorship that would have been effectuated over the nearly 14 months since his detention. Pet. Br at 17.

Sincerely,

*/s/ Nathan Freed Wessler*
Nathan Freed Wessler

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
Nathan Freed Wessler
Brett Max Kaufman
Brian Hauss
Esha Bhandari
Noor Zafar
Sidra Mahfooz
Michael Tan
125 Broad Street, 18th Floor
New York, NY 10004
P: (212) 549-2500
nwessler@aclu.org

**CLEAR Project**
**Main Street Legal Services, Inc.**
Naz Ahmad
Mudassar Hayat Toppa
Shezza Abboushi Dallal
CUNY School of Law
2 Court Square, 5th Floor
Long Island City, NY 11101
Tel.: (718) 340-4630
naz.ahmad@law.cuny.edu
mudassar.toppa@law.cuny.edu
shezza.dallal@law.cuny.edu

**ACLU FOUNDATION OF VERMONT**
Lia Ernst
Monica H. Allard
Hillary A. Rich
P.O. Box 277
Montpelier, VT 05601
P: (802) 223-6304
lernst@acluvt.org

**BELDOCK LEVINE & HOFFMAN LLP**
Luna Droubi
Matthew Melewski
Tala Alfoqaha
Keegan Stephan
99 Park Avenue, PH/26th Floor
New York, New York 10016
P: (212) 277-5875
F: (212) 277-5880
ldroubi@blhny.com

**MARTIN DELANEY & RICCI LAW GROUP**
Andrew Delaney
100 North Main Street
Barre, Vermont 05641
andrew@mdrvt.com
P: 802-479-0568

*Counsel for Petitioner-Appellee*

**CYRUS D. MEHTA & PARTNERS PLLC**
Cyrus D. Mehta
David A. Isaacson
One Battery Park Plaza, 9th Floor
New York, New York 10004
cm@cyrusmehta.com
disaacson@cyrusmehta.com
P: 212-425-0555
F: 212-425-3282

Case: 25-1113    06/10/2026    DktEntry: 232.1    Page 4 of 6

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT
Docket No. 26-

```
--------------------------------------------------------------x
Mohsen Khader MAHDAWI,                           :
                                                 :
                       Petitioner,               :
          v.                                     :
                                                 :
Todd BLANCHE,                                    :
Acting United States Attorney General,           :
                                                 :
                       Respondent.               :
--------------------------------------------------------------x
```

PETITION FOR REVIEW

Petitioner hereby petitions this court for review of the order of removal entered by the Board of Immigration Appeals ("BIA") on April 29, 2026, finding that "DHS therefore has met its burden of proving by clear and convincing evidence that the respondent [that is, Petitioner] is removable as charged under INA § 237(a)(4)(C)(i), 8 U.S.C. § 1227(a)(4)(C)(i)," Order at 7. This order may be considered final pursuant to 8 U.S.C. § 1101(a)(47)(A)-(B), particularly given that Petitioner does not intend to pursue an application for limited administrative relief such as asylum or withholding of removal but rather seeks judicial review to retain his Lawful Permanent Resident status. A copy of the decision is attached.

To date, no court has upheld the validity of the order.

Jurisdiction is asserted pursuant to 8 U.S.C. § 1252(a)(1).

Venue is asserted pursuant to 8 U.S.C. § 1252(b)(2) because the Immigration Judge completed the proceedings that led to this BIA order in Chelmsford, MA, within the jurisdiction of this Circuit.

Dated:        May 29, 2026

                                        Respectfully submitted,
                                           /s/ Cyrus Mehta
                                        Cyrus D. Mehta (Bar # 1224402)
                                        cm@cyrusmehta.com
                                           /s/ David Isaacson
                                        David A. Isaacson (Bar # 1215794)
                                        disaacson@cyrusmehta.com
                                        Cyrus D. Mehta & Partners PLLC
                                        One Battery Park Plaza, 9th Floor
                                        New York, NY 10004
                                        (212) 425-0555
                                        (212) 425-3282 (fax)
                                        Attorneys for Petitioner



**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**CHELMSFORD IMMIGRATION COURT**

Respondent Name:

    MAHDAWI, MOHSEN KHADER

To:

    Isaacson, David A.
    One Battery Park Plaza
    9th Floor
    New York, NY 10004

A-Number:

<span style="background-color:black">        </span>

Riders:
In Removal Proceedings
Initiated by the Department of Homeland Security
Date:
06/03/2026

## ORDER OF THE IMMIGRATION JUDGE

The immigration court set a time limit for the filing of any and all applications for relief or protection from removal on behalf of Respondent. After reviewing the Record of Proceeding, the immigration court finds that Respondent did not file any applications within the time limit. The immigration court further finds that Respondent, through counsel, asserts that Respondent no longer intends to file an application for asylum or similar relief from removal. (See Exhibit 13 "Legal Brief" filed in the Record of Proceedings on 01 June 2026).

The immigration court finds Respondent has abandoned any and all claims for relief or protection from removal. See 8 C.F.R. § 1003.31(h).

Since removability was previously determined, Respondent is hereby ordered removed from the United States to JORDAN on the charge(s) contained in the Notice to Appear and the I-261.

**Order:**

Respondent shall be removed to JORDAN on the charge(s) contained in the Notice to Appear and the I-261.

Failure to Depart: If Respondent is subject to a final order of removal and willfully fails or refuses (1) to depart from the United States pursuant to the immigration court's order, (2) to make timely application in good faith for travel or other documents necessary to depart the United States, (3) to present themselves at the time and place required for removal by the DHS, or (4) conspires to or takes any action designed to prevent or hamper their departure pursuant to the order of removal, Respondent shall be subject to a civil monetary penalty for each day Respondent is in violation, pursuant to INA§ 274D and 8 C.F.R. § 280.53(b)(14). If Respondent is removable pursuant to INA § 237(a), then Respondent shall be further fined and/or imprisoned for up to 10 years. See INA § 243(a)(1). Further, any Respondent that has been denied admission to, removed from, or has departed the United States while an order of exclusion, deportation, or removal is outstanding and thereafter enters, attempts to enter, or is at

any time found in the United States shall be fined or imprisoned not more than two years, or both. 8 U.S.C. § 1326(a).

Immigration Judge: Munson, Angela 06/03/2026

Appeal:  Department of Homeland Security: ☐ waived  ☐ reserved

Respondent: ☐ waived  ☐ reserved

Appeal Due: 07/03/2026

## Certificate of Service

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable

To: [ ] Alien | [ ] Alien c/o custodial officer | [ E ] Alien atty/rep. | [ E ] DHS

Respondent Name : MAHDAWI, MOHSEN KHADER | A-Number : ▮▮▮▮▮▮▮

Riders:

Date: 06/03/2026 By: Xu, Fang, Court Staff