**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

**Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

**MOTION INFORMATION STATEMENT**

**Docket Number(s):** 25-1113

Caption [use short title]: Mahdawi v. Trump, et al.

**Motion for:** Enlargement of Petition for Rehearing or Rehearing En Banc

Set forth below precise, complete statement of relief sought:

Grant Petitioner-Appellee leave to file an oversized petition for rehearing or rehearing en banc of up to 8,000 words.

**MOVING PARTY:** Mohsen Mahdawi

**OPPOSING PARTY:** Donald J. Trump, et al.

- [ ] Plaintiff
- [ ] Defendant
- [ ] Appellant/Petitioner
- [x] Appellee/Respondent

**MOVING ATTORNEY:** Nathan Freed Wessler

**OPPOSING ATTORNEY:** Alanna Thanh Duong

[name of attorney, with firm, address, phone number and e-mail]

| Moving Attorney | Opposing Attorney |
|---|---|
| American Civil Liberties Union Foundation | United States Department of Justice Civil Division, Office of Immigration Litigation |
| 125 Broad St., 18th Fl., New York, NY 10004 | P.O. Box 878, Ben Franklin Station, Washington DC, 20024 |
| (212) 519-7847, nwessler@aclu.org | (202) 305-7040, Alanna.Duong@usdoj.gov |

Court- Judge/ Agency appealed from: District of Vermont -- Hon. Geoffrey W. Crawford

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
[x] Yes [ ] No (explain): ____

Opposing counsel's position on motion:
[ ] Unopposed [x] Opposed [ ] Don't Know

Does opposing counsel intend to file a response:
[ ] Yes [x] No [ ] Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below? [ ] Yes [ ] No

Has this relief been previously sought in this court? [ ] Yes [ ] No

Requested return date and explanation of emergency: ____

Is the oral argument on motion requested? [ ] Yes [x] No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set? [ ] Yes [x] No If yes, enter date: ____

**Signature of Moving Attorney:**

Nathan Freed Wessler Digitally signed by Nathan Freed Wessler Date: 2026.08.10 08:52:12 -04'00'

**Date:** 8/10/2026

Service : [x] Electronic [ ] Other [Attach proof of service]

**No. 25-1113**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

MOHSEN MAHDAWI,

*PETITIONER-APPELLEE*,

v.

DONALD J. TRUMP, in his official capacity as President of the United States; DAVID T. WESLING, in his official capacity as Acting Boston Field Office Director, Immigration and Customs Enforcement, Enforcement and Removal Operations; J. DOE, in official capacity as Vermont Sub-Office Director of Immigration and Customs Enforcement, Enforcement and Removal Operations; DAVID J. VENTURELLA, in his official capacity as Senior Official Performing the Duties of the Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, in his official capacity as Secretary of the United States Department of Homeland Security; MARCO A. RUBIO, in his official capacity as Secretary of State; TODD BLANCHE, in his official capacity as Acting U.S. Attorney General,

*RESPONDENTS-APPELLANTS*.

**PETITIONER–APPELLEE'S MOTION FOR ENLARGMENT OF PETITION FOR REHEARING OR REHEARING EN BANC**

Petitioner–Appellee Mohsen Mahdawi moves, pursuant to Federal Rules of Appellate Procedure 27 and 40(d)(3), and Local Rule 27.1(e), for an enlargement of any petition for rehearing or rehearing en banc to 8,000 words.

Without enlargement, any petition for rehearing or rehearing en banc would be limited to 3,900 words. *See* Fed. R. App. P. 40(d)(3)(A). Counsel for Respondents opposes the request, without elaboration; however, Petitioner is willing to consent to similar requests by the government should the Court order a response to any petition. Should the Court determine that an enlargement smaller than requested is warranted, Petitioner would welcome such abbreviated relief.

There is good cause for Petitioner's request. On July 21, 2026, this Court issued a precedential opinion reversing the district court's order granting Petitioner release on bail. *Mahdawi v. Trump*, No. 25-1113, 2026 WL 2090981 (2d Cir. July 21, 2026).[1] The Court's opinion decided novel and significant questions of federal immigration law and constitutional doctrine that, if left intact, would ultimately have enabled the detention of Mr. Mahdawi, a lawful permanent resident of more than a decade who already spent more than two weeks in immigration detention based purely on his speech, as well as others similarly situated in this Circuit. *See Chung v. Trump*, No. 25-1660 (2d Cir.); *Ahmed v. Rubio*, No. 1:25-cv-10705 (S.D.N.Y.). The legal issues decided by the panel are complex and far-reaching, yielding 66 pages of majority and concurring opinions.[2] And they are hotly

[1] A petition for rehearing en banc is due on September 4, 2026. *See* Fed. R. App. P. 40(d)(1).

[2] The panel's majority and concurring opinions interpreted multiple provisions of the Immigration and Nationality Act, the Hobbs Act, and the U.S. Constitution.

contested both within this Court and among Courts of Appeals. The panel's opinion departed sharply from the opinion of a prior panel of this Court, which decided in favor of Petitioner on the same issues in the context of the government's motion for a stay pending appeal. *Mahdawi v. Trump*, 136 F.4th 443 (2d Cir. 2025). The government's petition for rehearing en banc from that opinion generated three opinions concurring in or supporting the denial of rehearing en banc, spanning 54 pages. *Ozturk v. Hyde*, 155 F.4th 187 (2d Cir. 2025) (mem.). One of those opinions, agreeing with the reasoning of the stay panel, was joined by a majority of active judges participating in the en banc vote. *Id.* at 205 (Nathan, J., concurring in the denial of rehearing en banc).

Moreover, two days after the panel's opinion in this case, a panel of the Fourth Circuit addressing the same issues reached the opposite conclusion. *Suri v. Trump*, No. 25-1560, 2026 WL 2123557 (4th Cir. July 23, 2026). The Fourth

---

*Mahdawi*, 2026 WL 2090981, at *6–13 (interpreting 8 U.S.C. § 1252(b)(9)); *id.* at *15–21 (Menashi, J., concurring) (8 U.S.C. 1226(e)); *id.* at *23 (Menashi, J., concurring) (8 U.S.C. § 1252(g) and 8 U.S.C. § 1252(a)(2)(B)); *id.* at *13 (majority op.) (Hobbs Act, 28 U.S.C. § 2347(b)(3)); *id.* at *12 n.16 (Suspension Clause); *id.* at *18–21 (Menashi, J., concurring) (Suspension Clause). They also gave a novel and expansive reading to Board of Immigration Appeals precedent. *Id.* at *11–12 (majority op.) (construing *Matter of Joseph*, 22 I. & N. Dec. 799 (B.I.A. 1999)); *id.* at *19 (Menashi, J., concurring) (same). As Petitioner's forthcoming petition for rehearing en banc will explain, the panel's and concurrence's conclusions are contrary to precedent, conflict with the decision of a sister circuit on identical questions, and raise questions of exceptional importance. *See* Fed. R. App. P. 40(b)(2).

Circuit expressly disagreed with the merits panel of this Court, *see id.* at *22 n.25, and agreed with the opinion of this Court's stay panel, *see id.* at *6. A dissenting judge would have reached the same conclusion as the merits panel here. *Id.* at *27, *33 (Wilkinson, J., dissenting). In a third case, a divided panel of the Third Circuit reached a similar holding to this Court, over a strong dissent. *Khalil v. President, United States*, 164 F.4th 259, 265 (3d Cir. 2026) (per curiam); *id.* at 281 (Freeman, J., dissenting in part and dissenting from the judgment). The en banc Third Circuit narrowly rejected the petitioner's petition for rehearing en banc, on a 6-5 vote, with three judges writing to explain their disagreement with the panel majority's opinion. *Khalil v. President*, 176 F.4th 295, 295 (3d Cir. 2026); *id.* (Krause, J., dissenting sur denial of rehearing en banc).

Given the complexity of the issues presented, the conflicting opinions within and between circuits, and the significance of the panel's decision to both Petitioner's liberty interests and to other habeas petitioners, there is good cause for enlarging the word limit with respect to any petition for rehearing en banc to ensure the proper presentation of the issues to this Court. While enlargements of petitions for rehearing are generally disfavored, Local R. 27.1(e)(1), this Court

regularly grants such requests.[3] Petitioner submits that the specific circumstances in this appeal justify such relief here.[4]

Accordingly, Petitioner respectfully requests an enlargement of any petition for rehearing to **8,000 words**. Should the Court determine that a smaller enlargement is warranted, Petitioner would welcome such abbreviated relief. Petitioner thanks the Court for its consideration of this request.

Dated: August 10, 2026

*/s/ Nathan Freed Wessler*
Nathan Freed Wessler

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
Nathan Freed Wessler
Brett Max Kaufman
Brian Hauss
Esha Bhandari
Noor Zafar
Sidra Mahfooz
Michael Tan
125 Broad Street, 18th Floor
New York, NY 10004
P: (212) 549-2500
nwessler@aclu.org

**CLEAR Project**
**Main Street Legal Services, Inc.**
Naz Ahmad
Mudassar Hayat Toppa
Shezza Abboushi Dallal
CUNY School of Law
2 Court Square, 5th Floor
Long Island City, NY 11101
P: (718) 340-4630
naz.ahmad@law.cuny.edu
mudassar.toppa@law.cuny.edu
shezza.dallal@law.cuny.edu

---

[3] *See, e.g.*, Order, *United States v. Bush (Pippins)*, No. 25-154 (2d Cir. Feb. 18, 2026); Order, *Ostrowski v. Port Auth. of N.Y. & N.J.*, No. 23-1116 (2d Cir. July 15, 2024); Order, *United States v. Panos*, No. 22-3158 (2d Cir. May 2, 2024); Order, *Hassoun v. Searls*, 20-2056 (2d Cir. Oct. 26, 2020) (in immigration detention habeas case, granting permission to file petition for rehearing en banc not exceeding 7,800 words).

[4] In *Khalil v. President*, involving similar issues concerning federal court jurisdiction over habeas petitions as are before the Court here, the Third Circuit granted the petitioner's motion to enlarge his petition for rehearing en banc to 8,000 words. Order, *Khalil v. President, U.S.*, No. 25-2162 (3d Cir. Apr. 9, 2026).

**ACLU FOUNDATION OF VERMONT**
Lia Ernst
Monica H. Allard
Hillary A. Rich
P.O. Box 277
Montpelier, VT 05601
P: (802) 223-6304
lernst@acluvt.org

**BELDOCK LEVINE & HOFFMAN LLP**
Luna Droubi
Matthew Melewski
Tala Alfoqaha
Keegan Stephan
99 Park Avenue, PH/26th Floor
New York, New York 10016
P: (212) 277-5875
F: (212) 277-5880
ldroubi@blhny.com

**MARTIN DELANEY & RICCI LAW GROUP**
Andrew Delaney
100 North Main Street
Barre, Vermont 05641
andrew@mdrvt.com
P: 802-479-0568

**CYRUS D. MEHTA & PARTNERS PLLC**
Cyrus D. Mehta
David A. Isaacson
One Battery Park Plaza, 9th Floor
New York, New York 10004
cm@cyrusmehta.com
disaacson@cyrusmehta.com
P: 212-425-0555
F: 212-425-3282

*Counsel for Petitioner-Appellee*

## CERTIFICATE OF COMPLIANCE

This document complies with the length, typeface, and type-style requirements of Fed. R. App. P. 27(d)(2)(A) and 32(a)(5)–(6) because it contains 997 words in 14-point Times New Roman font and is proportionally spaced.

Dated: August 10, 2026

*/s/ Nathan Freed Wessler*
Nathan Freed Wessler

## CERTIFICATE OF SERVICE

I certify that on August 10, 2026, I filed the foregoing motion via the Court's appellate ACMS system. I further certify that all participants in the case are registered ACMS users and that service will be accomplished through that system.

Dated: August 10, 2026

*/s/ Nathan Freed Wessler*
Nathan Freed Wessler