25-1113
*Mahdawi v. Trump*

# United States Court of Appeals
FOR THE
**SECOND CIRCUIT**

**ORDER**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of September, two thousand twenty-six.

---

Mohsen Mahdawi,

*Petitioner-Appellee*,

v. 25-1113

Donald J. Trump, in his official capacity as President of the United States, David T. Wesling, in his official capacity as Acting Boston Field Office Director, Immigration and Customs Enforcement, Enforcement and Removal Operations, J Doe, in official capacity as Vermont Sub-Office Director of Immigration and Customs Enforcement, Enforcement and Removal Operations, David J. Venturella, in his official capacity as Senior Official Performing the Duties of the Director, U.S. Immigration and Customs Enforcement, Markwayne Mullin, in his official capacity as Secretary of The United States Department of Homeland Security, Marco A. Rubio, in his official capacity as Secretary of State, Todd Blanche, in his official capacity as U.S. Attorney General,

*Respondents-Appellants.*[*]

---

A poll having been conducted and a majority of the active judges of the Court having voted in favor of rehearing this appeal in banc, **IT IS HEREBY ORDERED** that this appeal be heard in banc.[1] *See* Fed. R. App. P. 40(c). Scheduling information will be forthcoming.

The in banc proceedings shall be paused and held in abeyance in the event that the Supreme Court in this or another matter grants certiorari on the following question which is presented in this case: whether the district court lacked subject matter jurisdiction to grant habeas relief to the petitioner in light of any provision of 8 U.S.C. § 1252.

Joseph F. Bianco, *Circuit Judge*, took no part in the consideration or decision of this matter.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

* The Clerk of Court is directed to amend the case caption to conform to the above.

[1] Chief Judge Raymond J. Lohier, Jr. previously recused himself, but based on further research and inquiry into the recusal, and after consulting with the Judicial Conference Committee on Codes of Conduct, he has concluded that his prior recusal was unnecessary and that he is not disqualified from participating in this matter.